### STRAUSER v. CHICAGO, B. & Q. R. CO.

(District Court, D. Nebraska, Hastings Division.  February 12, 1912.)

REMOVAL OF CAUSES (§ 3*)—FEDERAL JURISDICTION—EMPLOYER'S LIABILITY
ACT.

Employer's Liability Act Cong. April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171), as amended by Act April 5, 1910, c. 143, 36 Stat. 291, providing that actions brought thereunder shall be within the jurisdiction of state courts, and prohibiting removal of causes brought thereunder, does not limit the prohibition to cases where the removal is based on the ground that the action is brought under such act, but also prohibits removal for diversity of citizenship, local prejudice, etc.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5: Dec. Dig. § 3.*]

At Law. Action by Christopher J. Strauser against the Chicago, Burlington & Quincy Railroad Company. On motion to remand. Granted.

W. C. Dorsey and B. McNeny, for the motion.
Byron Clark and Jesse L. Root, opposed.

T. C. MUNGER, District Judge. This action is one to recover damages arising from personal injuries, and is conceded to be a case where the rights of the parties are determined by the act of Congress approved April 22, 1908 (35 Stat. 65, c. 149), as amended by the act of Congress approved April 5, 1910 (36 Stat. 291, c. 143), commonly called the "Employer's Liability Act." The plaintiff has moved to remand the case to the state court, from whence it was removed, because the action arises under this act of Congress.

The defendant railway company contends that the prohibition of

removal of cases arising under that act, as found in section 6 of the amendatory act, is limited to cases where the removal is based upon the ground that the action is brought under this act of Congress, and therefore involves a question arising under the laws of the United States, and does not forbid removal upon other grounds, such as diversity of citizenship, or local influence and prejudice.

The prohibition in question has been re-enacted by Congress as a proviso to section 28 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087). Whatever may be said of the intention of Congress in placing the restriction originally in section 6 of the amendatory act of Congress, it is obvious that, in its re-enactment as a part of section 28 of the Judicial Code, Congress had in mind all of the various grounds of removal, including diversity of citizenship and local influence and prejudice.

The first provision of this section of the Code grants the right of removal from the state court of cases like this, if they arise under the Constitution or laws of the United States. The second provision grants a like right in any other similar suits of which the United States District Courts are given jurisdiction by the Code. The third provision grants the right of removal in cases wherein a separable controversy exists between citizens of different states. The fourth provision grants the right of removal if it appears that, from prejudice or local influence, justice cannot be obtained in the state courts. No reason is perceived why apt words should not have been used by Congress to indicate its intention to restrict the removal of cases like this, if such intention existed. The language used makes no other limitation than that the case arises under the acts of Congress mentioned. It is found in a proviso, and—

"the office of a proviso, generally, is either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of it, as extending to cases not intended by the legislature to be brought within its purview." Minis v. United States, 15 Pet. 423, 445, 10 L. Ed. 791.

It is quite obvious that the Judicial Code, in its general purpose, seeks further to restrict the jurisdiction of the United States courts, and a special restriction of this kind, placed as it is at the close of the section granting the general right of removal, shows that Congress intended that no case should be removed from the state court, upon any ground, provided only that it arises under the acts of Congress cited.

The case will therefore be remanded.