## DeAtley, By, et al. v. C. & O. Railway Co.

(Decided March 5, 1912.)

### Appeal from Mason Circuit Court.

Removal of Actions—Act of Congress—Pleading.—Where a State Court has jurisdiction of the action, section 6 of the Act of Congress of 1908, and as amended by the Act of 1910, prohibits the removal of an action, and the action of the lower court in transferring this action to the Federal Court was error. The acts charged in the petition were negligent acts of a co-employe of appellant within the meaning of the Act of Congress and entitled him to maintain his action in the State Court.

A. D. COLE and HOLMES & ROSS for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This action was instituted for John L. DeAtley by his guardian against appellee, under an act of Congress relating to the liability of common carriers by railroad to their employees in certain actions, which was approved by Congress April 22, 1908. It was alleged, in substance, that DeAtley was inexperienced and ignorant as to the dangers incident to acting as brakeman on a freight train, at the time he entered the employ of appellee; that appellee, its agents and servants, placed him in that position and negligently failed to instruct him with reference thereto; that appellee negligently and carelessly failed and refused to adopt or promulgate or bring to DeAtley's knowledge any definite or adequate rules for the safety of its employees, either prior to his employment, at the time thereof or thereafter up to the time of his injury; that at the time of his injury and a long time prior thereto, appellee,

its agents and servants had maintained a custom of allowing the engineer in charge of the train on approaching a station where orders for the train were expected, to direct the flagman of the train to leave it while it was in motion and go to the place where the orders were to be given out and receive them and return to the train and get aboard of it at another point while it was still in motion; that this custom was hazardous and known to be so by appellee, its servants and agents in charge of the train and was not known to and appreciated by appellant; that on the occasion of his injury DeAtley was acting as flagman on a train which was loaded at a station known as Russell, Ky., and was being run to Cincinnati, O.; that while approaching the station of Maysville in Mason County, Kentucky, and while the train was moving, the engineer negligently ordered DeAtley to leave the train at or near the fair grounds and go to a tower to get orders, which he did and upon attempting to board the train while it was in motion, on his return, he fell and his foot was cut off by the wheels of the train; that the engineer was negligent in directing him to leave the train while it was running and in not stopping the train to allow him to board it. He asked $25,000 damages for the injury received. It is also alleged in the petition that appellee was a Virginia corporation; that it was created, organized and existed under the laws of that State. The negligence and injury complained of occurred before the organization of appellee in this State, which was July 5, 1911.

Appellee filed its petition for a removal of the action to the United States Circuit Court, alleging diverse citizenship. Appellant demurred to the petition for removal, but the court overruled it, approved the bond presented by appellee and made an order for a removal of the action, and appellant appeals from that order.

Appellant contends that the lower court erred in removing the action, as it was brought under the act of Congress referred to, which expressly states that no removal can be had from a State court in such a case. Appellee contends that it is true appellant alleged in the petition that the action was brought by virtue of the act of Congress, but claims that the allegations of the petition in regard to the failure to establish and promulgate rules for the safety of its employees and the failure to instruct him in regard thereto, were acts of the appellee

and not the acts of a co-employee or fellow servant, and that therefore, the order of removal was properly made under the act of Congress of 1887 and 1888. This is the only question necessary to be considered in determining this case. Counsel of both parties discuss the several removal acts of Congress and the amending act of 1910 and the effect it has upon the previous acts. They refer to several opinions of the Federal Courts wherein it was decided that the act of 1908 and the amendment of 1910 were constitutional, and that the following, which is a part of section six as amended, was binding and obligatory upon the United States Courts and the State Courts, to wit:

"Under this act an action may be brought in a Circuit Court of the United States, in the district of the residence of the defendant, or in which the causes of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several States, and no cause arising under this act and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

This section, by positive language, gives the Circuit Courts of the United States and the courts of the several States concurrent jurisdiction of such actions, and, by what is generally known as the "Paynter Amendment" which is attached to the latter part of this section, no cause arising under this act and brought in a State court of competent jurisdiction can be removed to any court of the United States. This amendment, by equally positive language, prohibited the removal of such an action from a Circuit Court of the State, because that court had jurisdiction of the action.

The only other question is: Did the allegations of the petition bring the case of appellant under the act as amended? Appellee's counsel concede that the act and its amendment imposed a liability on the carrier for any injury caused by the negligence of a co-employee or fellow servant, and for other causes not necessary to mention here. Appellant was clearly a co-employee of the engineer in charge of the train and the act referred to makes the company liable for the negligence of the engineer that caused or produced the injury to appellant, and if the negligent act of the engineer was the

proximate cause of appellant's injury, then he had a right to institute this action in the State court, which court, according to the act and its amendment, had no right to remove it to a Federal Court. As stated, it was alleged in the petition that appellee and its agents and servants had established a custom which was exceedingly hazardous, requiring its flagmen to leave the train when it was in motion to obtain orders and to board the train while it was still moving to deliver the orders and resume his duties. It was also expressly charged that the engineer in charge upon the occasion of the injury, directed DeAtley to leave the train while it was moving to get the orders and to board the train while it was running and negligently failed to stop the train to allow him to get aboard in safety. If these acts were actually committed, and they must be so considered for the purpose of this action they were certainly negligent acts of a co-employee of DeAtley within the meaning of the act of Congress, and he was entitled to maintain his action in the State court.

For these reasons, the judgment of the lower court is reversed and the cause remanded with directions to the lower court to proceed with the trial of the case.