## HULAC v. CHICAGO & N. W. RY. CO.

(District Court, D. Nebraska, Norfolk Division. March 16, 1912.)

### No. 17.

REMOVAL OF CAUSES (§ 3*)—ACTIONS UNDER EMPLOYER'S LIABILITY ACT—CONSTRUCTION OF STATUTE.

The provision of Employer's Liability Act April 22, 1908, c. 149, § 6, 35 Stat. 66 (U. S. Comp. St. Supp. 1909, p. 1173), as amended by Act April 5, 1910, c. 143, § 1, 36 Stat. 291, that "no case arising under this act and brought in any state court of competent jurisdiction shall be re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

moved to any court of the United States," prevents the removal of such a case on any ground whatever.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. § 3.*]

At Law. Action by Edward V. Hulac against the Chicago & Northwestern Railway Company. On motion to remand to state court. Motion granted.

M. F. Harrington, for plaintiff.

B. H. Dunham and Herman Aye, for defendant.

THOMAS C. MUNGER, District Judge. This action was brought in the state court to recover for personal injuries, and is one that arose under section 6 of the act of Congress commonly called the "Employer's Liability Act," approved April 22, 1908 (Act April 22, 1908, c. 149, 35 Stat. 66 [U. S. Comp. St. Supp. 1909, p. 1173]), and amended by the act approved April 5, 1910 (36 Stat. 291, c. 143). The case was removed to this court on a petition alleging diversity of citizenship, and the plaintiff has moved to remand.

The cause of action arose before, but the action was begun after, the taking effect of the federal Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087). The defendant railway company claims that the prohibition against removal found at the close of section 28 of the Judicial Code does not apply to this case, because of the saving provision in section 299 of the Code, and further claims that the removal of the case is not forbidden by section 6 of the amendatory act above referred to, because Congress intended thereby to prevent removals only on the ground that the action arose under a law of the United States, and the case of Van Brimmer v. Texas & P. Ry. Co. (C. C.) 190 Fed. 394, is cited as sustaining this contention. I am unable to agree to the result reached in that decision.

The language of the act prohibiting the removal of such cases is clear and sweeping. It reads:

"And no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

There is no suggestion in the words thus used that a removal is forbidden only because the action arises under a law of the United States. The prohibitory clause was added as an amendment in the Senate of the United States, and accepted with very little debate. It is not conceivable that Congress did not understand the full import of the words of the amendment, and that no exception was expressed. That Congress did intend to forbid the removal of cases arising under the Employer's Liability Act, upon any ground, appears from the fact that the same Congress, at the following session, again forbade the removal of cases in section 28 of the Judicial Code, and this was by an amendment immediately following the re-enactment and codification of the law covering the whole subject of the right of removal.

It is a well-recognized fact in judicial history that plaintiffs, in actions brought by employés against railway companies for damages

resulting from personal injuries, have quite generally and for many years sought to bring and retain their actions in the state courts, and the fact is well attested by the multitude of applications to remand such cases which have been constantly presented to the federal courts. The expense of trials and of appeals in the federal courts have been deterrents, and the variance in the rules of law in such cases as applied in the state and federal courts has also been well understood. Congress has recognized, by the Employer's Liability Act, as well as by the Safety Appliance Acts, that these rules of law should be made more favorable to the injured servant. The purpose of Congress in the enactment of the Employer's Liability Act was the granting of additional rights to the servant, and the removal of existing defenses by the master in actions by injured employés against railway companies. One of the rights which Congress had in mind was the right of the servant to choose the forum in which his action should be litigated. The amendatory act of Congress gives concurrent jurisdiction to the courts of the United States with the courts of the states, and increases the number of districts in which the plaintiff may sue in the United States courts, and while thus enlarging the rights of the plaintiff, and in harmony with the general scope of the act, cuts down the rights of the railway company by forbidding a removal of the case upon any ground. Symonds v. St. Louis, etc., R. R. Co. (C. C.) 192 Fed. 353.

It follows that the case should be remanded to the state court, whether the question is to be determined by the provisions of section 28 of the Judicial Code, or by the provisions of section 6 of the amendatory Employer's Liability Act.