## DE ATLEY v. CHESAPEAKE & O. RY. CO.

(District Court, E. D. Kentucky. November 6, 1912.)

1. MASTER AND SERVANT (§ 256*)—INJURIES TO SERVANT—EMPLOYER'S LIA- BILITY ACT.

   Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), imposes liability on a common carrier engaged in interstate commerce for injuries to a servant while so engaged resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier, or from any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track roadbed, works, boats, wharves, or other equipment. Plaintiff, a brakeman on an interstate train, by direction of the engineer, left the train at a tower to get orders, and on his return with the order, in attempting to board the train while in motion in accordance with custom, he fell under the wheels, and was injured. The complaint alleged negligence in the engineer's failure to stop the train for plaintiff to get aboard and in defendant's failure to adopt and promulgate rules forbidding the practice of brakemen mounting trains while in motion, and requiring them to be stopped under such circumstances. *Held* that, though the duty to promulgate rules was a nondelegable one, it was one which could nevertheless be performed only by defendant's officers, agents, and employés, and hence both allegations of negligence were allegations that plaintiff's injury resulted from the negligence of defendant's officers, agents, or employés, and were within the act.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 809–812, 815; Dec. Dig. § 256.*]

2. MASTER AND SERVANT (§ 87*)—INJURIES TO SERVANT—EMPLOYER'S LIABIL- ITY ACT.

   Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), making every common carrier engaged in interstate commerce liable for injury to or death of an employé engaged in such commerce, resulting in whole or in part from negligence of any of its officers, agents, or employés, or by reason of any defect or insufficiency due to its negligence in any of its cars, engines, etc., was intended to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cover every act of negligence for which a common carrier engaged in interstate commerce might be liable to its employés in such commerce.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 138; Dec. Dig. § 87.*]

**3. COMMERCE (§ 8*)—EMPLOYER'S LIABILITY ACT—EFFECT.**

Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. 1911, p. 1322), making common carriers engaged in interstate commerce liable for injuries to employés, supersedes all other common-law and statutory liabilities on the part of such carriers to such employés.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. § 8.*]

**4. REMOVAL OF CAUSES (§ 25*)—EMPLOYER'S LIABILITY ACT—INJURIES TO PERSON ENGAGED IN INTERSTATE COMMERCE—ACTS OF NEGLIGENCE.**

Where, in an action for injuries to a brakeman engaged in interstate commerce against the carrier, plaintiff claimed a liability under Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), the suit would be regarded for purposes of removal as one arising under the act, though the negligence charged be not covered by the act, or the facts alleged do not make out that there had been negligence as charged.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 58, 59; Dec. Dig. § 25.*]

**5. REMOVAL OF CAUSES (§ 3*)—EMPLOYER'S LIABILITY ACT—DIVERSITY OF CITIZENSHIP.**

Under Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), as amended by Act April 5, 1910, c 143, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1324), providing that an action brought under the act shall not be removable, such an action is not removable, though it involves diversity of citizenship.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. § 3.*]

At Law. Action by John J. De Atley against the Chesapeake & Ohio Railway Company. On motion to remand. Granted.

Holmes & Ross, of Carlisle, Ky., and A. D. Cole, of Maysville, Ky., for plaintiff.

Worthington, Cochran & Browning, of Maysville, Ky., for defendant.

COCHRAN, District Judge. This cause is before me on motion to remand. It is a suit to recover damages for a personal injury. The plaintiff was a brakeman in defendant's employ, and at work, as such, on one of its freight trains at the time of his injury. The injury was occasioned by his falling in an attempt to mount the train whilst in motion, and consisted in having his right foot cut off by one of its wheels. As it approached a tower from which written orders as to the operation of trains are issued, the plaintiff, by direction of the engineer, left the train to get an order, and it was on his return with the order that he was making the attempt to mount. At no time did the train stop to let him off or get on. It had been the practice for a year or more for brakemen to get written orders from the tower in this way; i. e., getting off and remounting whilst the train was in motion as it passed the tower.

The negligence complained of was the failure on the part of the

engineer to stop the train for plaintiff to mount it, and the failure to adopt and promulgate a rule forbidding such a practice and requiring the trains to be stopped under such circumstances. It is alleged in the petition that the defendant is a common carrier engaged in interstate commerce, and that the plaintiff was employed by it in such commerce, and the right to recover is expressly based on the Employer's Liability Act April 22, 1908.

The ground upon which removal was sought was diversity of citizenship. In determining whether the cause was removable, I will limit myself to the question whether its removal was forbidden by the amendment of 1910 to that act. It is claimed that it is not so forbidden for two reasons. One is that the case did not arise under the act. The other is that the removal was obtained, not on the ground that the case arose thereunder, but on the ground of diversity of citizenship. The claim that the case did not arise under that act is made in the face of the fact that it is alleged that the defendant is a common carrier engaged in interstate commerce, and that plaintiff was employed by it in such commerce, and the right to recover is expressly based on that act.

[1] The act authorizes a recovery of damages for an "injury or death resulting in whole or in part from negligence of any of the officers, agents or employés of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment." It thus authorizes a recovery, apparently at least, in two classes of cases. The contention is that this case does not come within either class. Clearly it does not come within the second, for there was no defect or insufficiency as is called for by it. It does not come within the first, as to the negligence in not adopting or promulgating the rule referred to, for it is limited to cases where the injury is caused by the negligence of a "coemployé or fellow servant," and the failure to adopt such rule was not the "violation of any duty owed by any coemployé or fellow servant" to plaintiff. It was a violation of duty by the defendant, the carrier, if by any one. And, as to the negligence of engineer, it does not come within the first class because it does not appear from the allegations of the petition that the engineer was negligent in not stopping the train. It is not alleged that there was any duty on the part of the engineer to stop the train to enable the plaintiff to get aboard, or that he knew that plaintiff had gotten off the train, or that he wanted to get back on. Such, in substance, is the defendant's position on the question whether the case is one arising under that act. The plaintiff took an appeal from the order of the lower court removing the case to the Court of Appeals of Kentucky, and that court reversed that order, holding the case nonremovable. De Atley v. Chesapeake & Ohio Ry. Co., 147 Ky. 315, 144 S. W. 95. It is held that the case arose under the act because of the clause as to the negligence of the engineer. Judge Nun said:

"Appellee's counsel concede that the act and its amendment imposed a liability on the carrier for any injury caused by the negligence of a coemployé or fellow servant, and for other causes, not necessary to mention here. Ap-

pellant was clearly a coemployé of the engineer in charge of the train, and the act referred to makes the company liable for the negligence of the engineer that caused or produced the injury to appellant."

Concerning the allegations of the petition and the effect thereof, he said this:

"It was also clearly charged that the engineer in charge upon the occasion of the injury directed De Atley to leave the train while it was running, and negligently failed to stop the train to allow him to get aboard in safety. If these acts were actually committed, and they must be so considered for the purpose of this action, they were certainly negligent acts of a coemployé of De Atley within the meaning of the act of Congress, and he was entitled to maintain his action in the state court."

The petition alleges that the engineer failed to stop the train, and that he was negligent in so doing. It seems to me, also, that the allegations thereof should be construed to mean that he knew that plaintiff had gotten off the train and wanted to get back, and that whilst the train was in motion. It is alleged that the practice had been for a year or more for the servants superior in authority to the brakemen to require them to get on and off the trains for orders whilst it was in motion and without stopping, and that on this occasion the plaintiff was directed by the engineer when the train was approaching the tower to go forward to it and get orders, and that, whilst he was on the way from the tower pursuant to such direction with orders and was endeavoring to get on the train while in motion, he fell. It is not distinctly alleged that he got off the train pursuant to the direction, but that is necessarily to be inferred from the allegation as to the direction and the return pursuant thereto with the order. I think, also, that it follows from this allegation that he got off and on while the train was in motion pursuant to the engineer's direction, and that he knew he did so. It was not essential to allege that the engineer owed a duty to the plaintiff to stop the train. The law imposed on him the duty of operating the train with due regard to the safety of the brakeman, and the allegation that he negligently failed to stop is an allegation that he failed to exercise such care. It seems to me, therefore, that the opinion of the Court of Appeals is sound. But, assuming that the petition failed to state a good cause of action on account of the engineer's negligence, is it to be said that, because of this, the case did not arise under the act? Such is the effect of defendant's contention.

Then, how is it as to the negligence charged in failing to adopt and promulgate the rule referred to. The duty so to do was one of the nondelegable duties of the defendant as master. But it was a duty, as is the case with all its nondelegable duties, which it could not perform except through its officers, agents, and employés. Being a duty having relation to the operation of its trains, it is one that would be delegated to such of its officers, agents, and employés as had to do with their operation, and hence were in position to determine what were proper rules to be adopted and promulgated. The failure to perform such duty according to the allegation of the petition was negligence on the part of such officers, agents, and employés. As to such

duty such officers, agents, and employés were not fellow servants of the plaintiff. Their negligence was negligence on its part, as distinguished from the negligence of fellow servants. Yet notwithstanding this, such failure, if it was negligence not to adopt and promulgate such rule, was negligence on the part also of such officers, agents, and employés, and hence I think within the first class of cases covered by the statute. I do not think that this class is limited to fellow servants which seems to be the contention of the defendant. It is not so limited by the language used. The language used is, "any officers, agents, or employés," and this is broad enough to cover any negligence for which a common carrier engaged in interstate commerce can be responsible to its employés therein. It is true that in the second class the language used is "its negligence." But its negligence must be negligence also of those officers, agents, and employés to whom it has intrusted the duty of looking after the condition of its cars, etc. It can only act through officers, agents, and employés, and the failure to look after such condition properly is necessarily negligence on the part of officers, agents, and employés to whom it has intrusted the duty of looking thereafter. The two classes seem, therefore, to overlap, but I do not think that one is justified in limiting the language of the first class to prevent overlapping, which would be done by limiting the first class to the negligence of servants for which the common carrier is not liable at common law, leaving the second class to cover the negligence of servants for whom it is in such cases as it covers. By so doing there would be eliminated from the act liability thereunder for certain negligence on the part of servants for whom the carrier is liable at common law, to wit, negligence on the part of servants who are not fellow servants; but which does not relate to its "cars, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment," as in the case here, where, according to the allegation of the petition, there was negligence on the part of such servants of defendant to whom it had intrusted its nondelegable duty of adopting and promulgating the proper rules as to the operation of its trains.

[2] It seems to me that it was the intent and purpose of the act to cover every negligence for which a common carrier engaged in interstate commerce might be liable to its employés in such commerce.

[3] It is settled that it supersedes all other common-law and statutory liability on the part of such common carriers to such employés. If, then, the act does not cover every negligence for which such common carrier may be liable to such employés, there are cases of negligence, and this, as to the negligence in not adopting and promulgating the rule in question, is one of them, in which there is no liability at all. But this cannot have been the intention of Congress. It is difficult, however, to explain why it separated the cases of liability into two classes; where the first class is broad enough in terms to include the second class, and, indeed, to cover every case of negligence for which the common carrier might be made liable, and no explanation thereof occurs to me. But the inability to find such explanation does not justify one in limiting the first class to fellow

servants so as to get two distinct classes, which do not overlap each other, thereby eliminating from the act certain cases of negligence for which there is liability at common law. It is sufficient to say that the act in express terms covers the negligence of any of the officers, agents, or employés of the common carrier, and the failure to adopt and promulgate a proper rule for the operation of its trains is negligence on the part of its officers, agents, and employés to whom it has intrusted the performance of such duty. But, assuming that such negligence is not covered by the act, is it to be said that because of this the case did not arise under the act? Such is the effect of the defendant's contention here. I am inclined to the opinion that it cannot be so said, any more than it can be said that the case did not arise thereunder as to the engineer's negligence, assuming the petition not to state facts showing negligence on his part. As heretofore stated, the act supersedes all other basis of liability for negligence on the part of a common carrier engaged in interstate commerce to its employés therein, and is now the only basis of liability therefor.

[4] A suit, therefore, against such a carrier by such a one of its employés, seeking to recover damages for an injury caused by the negligence of one of its officers, agents, and employés, particularly if expressly based on the act, would seem to arise thereunder, even though the negligence charged was not one covered by the act, or the facts alleged did not make out that there had been negligence as charged. The plaintiff claims in each instance that there is liability under the act, and that would seem to be sufficient to make the case one arising under the act.

[5] The other ground upon which it was claimed that the removal was not forbidden by the amendment of 1910 is that the removal was obtained, not on the ground that the case arose under the act, but on the ground that there was a diversity of citizenship. The position is taken that the only cases, the removal of which Congress intended to prohibit, were those where there was no diversity of citizenship, and the only ground of removal is that the case arose under the act. The intention, in other words, was to prohibit only a removal on the ground that the case arose under the act, and this in order to prevent the removal of all such cases. This view was adopted in the case of Van Brimmer v. T. & P. Ry. Co. (C. C.) 190 Fed. 394, but I think the position is unsound. Congress said that "no case arising under this act" should be removed, and it should be taken to have meant what it said. All the other decisions are the other way. They are as follows: Symonds v. St. Louis & S. E. Ry. Co. (C. C.) 192 Fed. 353; Strauser v. Chicago, B. & Q. Ry. (D. C.) 193 Fed. 295; Lee v. Toledo, St. L. & W. Ry. Co. (D. C.) 193 Fed. 685; Ulrich v. N. Y., N. H. & H. Ry. Co. (D. C.) 193 Fed. 768; Hulac v. Chicago & N. W. Ry. Co. (D. C.) 194 Fed. 747; McChesney v. Ill. Cent. Ry. Co. (D. C.) 197 Fed. 85. Some of these cases arose after the new judicial Code went into force, and the case against removability is stronger under that Code than before. This case arose before the Code, but I think the case was no different then than now.

The motion to remand is sustained.