PATTON v. CINCINNATI, N. O. & T. P. RY.

(District Court, E. D. Tennessee, S. D.    May 23, 1913.)

No. 1,201.

1. REMOVAL OF CAUSES (§ 3*)—EMPLOYERS' LIABILITY ACT—ACTIONS.
    A case arising under Employers' Liability Act April 22, 1908, c. 149, § 6, 35 Stat. 66, as amended by Act April 5, 1910, c. 143, § 1, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1324), brought in a state court of competent jurisdiction, is not removable to a federal court, even though the case would be otherwise removable, by reason of diversity of citizenship or other independent ground of removal.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. § 3.*]

2. REMOVAL OF CAUSES (§ 102*)—FEDERAL COURTS—JURISDICTION.
    Employers' Liability Act April 22, 1908, c. 149, § 6, 35 Stat. 66, as amended by Act April 5, 1910, c. 143, § 1, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1324), that no case arising thereunder shall be removed from any court of competent jurisdiction to any federal court, re-enacted in Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (U. S. Comp. St. Supp. 1911, p. 140) is not a mere personal privilege or exemption in favor of the plaintiff in respect to the jurisdiction of the particular District Court to which the case has been removed, which the plaintiff may waive after the removal or consent, but is a provision limiting the jurisdiction of federal courts as a class, and entirely withholding such jurisdiction, through removal proceedings of cases arising under the act which have been previously commenced in a state court of competent jurisdiction; and hence, where an action instituted in a state court was removed before the filing of the complaint, though the time therefor had expired without motion to dismiss, and the complaint when filed in the federal court stated a cause of action under the act, the court had no jurisdiction thereof, and was bound to remand it to the state court.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–220, 223, 224; Dec. Dig. § 102.*]

At Law.    Action by Bessie Patton, administratrix, against the Cincinnati, New Orleans & Texas Pacific Railway.    On motion to remand. Granted.

This is an action for $25,000 damages commenced by the plaintiff by summons from the Circuit Court of Hamilton County, Tennessee, a county within the Southern Division of the Eastern District of Tennessee, which was issued and served on November 4, 1912, and was returnable on January 6, 1913.    On January 9, 1913, the plaintiff's declaration not having been filed, the defendant filed its petition in the State court, with proper bond, for removal of the suit to this court, the sole ground of removal alleged being that the suit was of a civil nature in which the matter in controversy exceeded three thousand dollars, exclusive of interest and costs, and that the controversy was wholly between citizens of different States, the plaintiff being a citizen of Tennessee and the defendant a corporation created under the laws of Ohio and a citizen of that State.    An order of removal was made by the State court, and a certified copy of the record filed in this court on February 6, 1913.    On April 28, 1913, the plaintiff filed her declaration in this court, alleging a cause of action against the defendant arising under the Federal Employers' Liability Act, and subsequently, on the same date filed her motion to remand the cause to the State court, on the ground, in substance, that as shown by her declaration the cause was one arising under such act and hence not removable to this court.

─────────────────────────────
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Littleton, Littleton & Littleton, of Chattanooga, Tenn., for plaintiff.
Pritchard, Allison & Lynch, of Chattanooga, Tenn., for defendant.

## On Motion to Remand.

SANFORD, District Judge (after stating the facts as above). · Section 6 of the Employers' Liability Act of April 22, 1908, c. 149 (35 Stat. 66), as amended by section 1 of the Act of April 5, 1910, c. 143 (36 Stat. 291 [U. S. Comp. St. Supp. 1911, p. 1324]), provides as follows:

"Under this Act an action may be brought in a circuit court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this Act shall be concurrent with that of the courts of the several States, and no case arising under this Act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

Section 28 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 140]), which went into effect January 1, 1912, provides, among other things, as follows:

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being non-residents of that State. * * * Provided, That no case arising under an Act entitled 'An act relating to the liability of common carriers by railroad to their employés in certain cases,' approved April twenty-second, nineteen hundred and eight, or any amendment thereto, and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

After careful consideration I have reached the following conclusions:

[1] 1. A case arising under the Employers' Liability Act and brought in a state court of competent jurisdiction is not removable to a Federal District Court even although the case would be otherwise removable by reason of diversity of citizenship or other independent ground of removal. Teel v. Railway Co. (U. S. Circ. Ct. App., 6th Circ., May 6, 1913) 204 Fed. 918; Symonds v. Railway Co. (C. C.) 192 Fed. 353; Strauser v. Railroad Co. (D. C.) 193 Fed. 293; Lee v. Railway Co. (D. C.) 193 Fed. 685; Ullrich v. Railroad Co. (D. C.) 193 Fed. 768; Hulac v. Railway Co. (D. C.) 194 Fed. 747; McChesney v. Railroad Co. (D. C.) 197 Fed. 85; De Atley v. Railway Co. (D. C.) 201 Fed. 591, 596; Kelly v. Railway Co. (D. C.) 201 Fed. 602, 605.

[2] 2. The provision in the amendatory Act of April 5, 1910, that no case arising under the Employers' Liability Act shall be removed from any State court of competent jurisdiction to any Federal court, and re-enacted in section 28 of the Judicial Code, is not merely a personal privilege or exemption in favor of the plaintiff in respect to the

jurisdiction of the particular District Court to which the case has been removed, which he may waive after the removal by appearance or consent (In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164), but is a provision limiting the jurisdiction of the Federal Courts as a class, and entirely withholding from them jurisdiction, through removal proceedings, of cases arising under the Employers' Liability Act which have been previously commenced in State courts of competent jurisdiction. This distinction is emphasized by the contrast between the language of the first sentence in section 6 of the Employers' Liability Act, as amended by the Act of 1910, in reference to the particular district in which a suit "may" be brought under that Act, and that in the second sentence of the same section, which provides that "no case" arising under the Act and brought in any State court of competent jurisdiction "shall be removed to any court of the United States." It is also the necessary result of the proviso, framed in substantially the same language, contained in section 28 of the Judicial Code.

"The office of a proviso, generally, is, either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of it, as extending to cases not intended by the legislature to be brought within its purview." Minis v. United States, 15 Pet. 423, 445, 10 L. Ed. 791; Strauser v. Railway Co., supra, at page 294.

Applying this rule of construction, I think it clear that the effect of the proviso in section 28 of the Code is to except cases arising under the Employers' Liability Act and pending in State courts from the classes of cases whose removal to the Federal courts is authorized under the preceding provisos of the section, and to so qualify the broad language used in the preceding portions of this section as to exclude from its provisions any and all cases of this character. In other words, in my opinion, the effect of this proviso is the same as if the preceding enacting provisions of the section had expressly excepted from each class of cases which might be removed to the Federal courts all cases arising under the Employers' Liability Act and pending in the State courts.

In Strauser v. Railroad Co., supra, at page 294, Munger, District Judge, said:

"It is quite obvious that the Judicial Code, in its general purpose, seeks further to restrict the jurisdiction of the United States courts, and a special restriction of this kind, placed as it is at the close of the section granting the general right of removal, shows that Congress intended that no case should be removed from the State court, upon any ground, provided only that it arises under the Acts of Congress cited."

In Lee v. Railway Co., supra, at page 686, Wright, District Judge, said:

"By adding this proviso to the general law, as was done by Congress, defining removable cases, and giving the right to a removal thereof, the general right of removal defined in the enacting part of the section was thus limited, generally throughout the section in each class of cases defined, and whenever a case arising under the liability Act falls in any class of cases subject to removal, it is by force of the provisions of the proviso excepted from such right of removal."

And in Ullrich v. Railroad Co., supra, at page 770, Hand, District Judge, said:

"The words used prohibit absolutely any removal when the 'case' is of a given kind."

And see, inferentially, as to the effect of this proviso in entirely "withholding" jurisdiction from the Federal courts in cases of this kind, the opinion of the Circuit Court of Appeals in Teel v. Railway Co., supra.

In Ayres v. Watson, 113 U. S. 594, 5 Sup. Ct. 641, 28 L. Ed. 1093, it was said, in construing the provisions of the Act of March 3, 1875, in reference to the removal of causes to the Federal courts, that the second section, defining the cases in which a removal might be made, was "jurisdictional"; that its conditions were "indispensable" and must be shown by the record; and that the jurisdictional facts which it prescribed were "absolutely essential" and could not be waived, and their want would be error "at any stage of the cause." And it is clear that while the plaintiff may, after removal of a cause, waive objection to the jurisdiction of the particular Federal court to which the case has been removed, he cannot waive an objection running to the jurisdiction of the Federal courts as a class, or confer jurisdiction, even by consent, in a cause not within the general jurisdiction of the Federal courts. In re Moore, supra, 209 U. S. at page 506, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, and cases therein cited.

It results that as Congress has expressly withheld from the Federal courts, as a class, jurisdiction in cases arising under the Employers' Liability Act previously brought in a State court, the plaintiff could not, under the rule laid down in the cases above cited, waive his objection to the want of jurisdiction in this court by filing his declaration in this court, or otherwise, and could not, even by express consent, confer jurisdiction upon this court under the removal proceedings in this cause; and it appearing that jurisdiction in a case of this character has been expressly withheld from the Federal courts by the Acts of Congress, it would clearly be the duty of the court, even in the absence of a motion to remand, upon its own motion, when such want of jurisdiction is brought to its attention, to remand the case to the State court, under the provisions of section 37 of the Judicial Code.

3. This result is not changed by the fact that the plaintiff's declaration had not been filed in the State court at the time the defendant's petition for removal was filed, and there was nothing in the record at that time to show that the case was one arising under the Employers' Liability Act. It is true that the plaintiff had then failed to file her declaration within the time required by the Tennesssee Statutes; but no motion having been made to dismiss the suit for failure to file the declaration, the plaintiff was still entitled to file her declaration at any time. And since, under the rules of practice in Tennessee, the defendant was allowed two days after the declaration should be filed in which to plead thereto, the time had not then expired in which, under section 29 of the Judicial Code, it was required to file its petition for removal. Lewis v. Railway Co. (C. C., E. D. Tenn.) 122 Fed. 654. The defendant's petition for removal was based solely upon diversity of cit-

izenship, and the amount in controversy, and did not disclose the fact that the suit was one arising under the Employers' Liability Act, which fact first appeared in the record when the plaintiff subsequently filed her declaration in this court.

In this condition of the record the defendant relies upon the general rule stated in Alabama Southern Ry. v. Thompson, 200 U. S. 206, 216, 26 Sup. Ct. 161, 164 (50 L. Ed. 441, 4 Ann. Cas. 1147) that "the question of removability depends upon the state of the pleadings and the record at the time of the application for removal," and insists that as the record did not affirmatively show at the time the petition for removal was filed that the suit in the State court was one arising under the Employers' Liability Act, it hence cannot now be remanded to the State court upon that ground. It is to be observed, however, that the rule relied on by the defendant was stated in a case in which the plaintiff's declaration had been filed before the petition for removal had been filed, and in connection with the well settled doctrine that the case made by the plaintiff in his pleadings was to determine the alleged separable character of the controversy for the purpose of deciding the right of removal; and the rule relied on is in no wise authority for the contention that where the plaintiff had not filed any pleading at the time the petition for removal was filed which showed the cause of action, the defendant could obtain a right of removal to which it was otherwise not entitled, by filing a petition for removal which likewise did not state the cause of action, and when, if the nature of the cause of action had been stated in the petition for removal it would have affirmatively appeared that the suit was one which the defendant was not entitled to remove to the Federal court. The general rule relied on by the defendant that the question of removability depends upon the state of the pleadings and the record at the time of the application for removal, would, in fact, seem, when applied to the instant case, to lead to the conclusion that, as matter of law, the case was not shown to be a removable one at the time the petition for removal was filed. Construing the Acts of Congress as excepting from all otherwise removable cases those arising under the Employers' Liability Act and pending in a State court, it may well be that where a railway company seeks to remove to a Federal court an action for damages pending in a State court, and the exact nature of the cause of action has not yet appeared from any pleadings filed by the plaintiff, it is incumbent upon the defendant, in order to show a removable case upon the face of its petition for removal, to specifically aver that the case is not one excepted from removal by the proviso in section 28 of the Judicial Code, that is, that it is not a suit arising under the Employers' Liability Act. In Maxwell Land Grant Co. v. Dawson, 151 U. S. 586, 604, 14 Sup. Ct. 458, 464 (38 L. Ed. 279), it is said:

"There is a general rule, applicable both to conveyances and statutes, that where there is an exception in the general granting or enacting clause, the party relying upon such general clause must in pleading state the general clause, together with the exception, and must also show by the testimony that he is not within the exception."

But without determining this question of pleading upon the face of the petition for removal itself, I am clearly of opinion that where the

plaintiff's cause of action has not been stated in any pleading filed by the plaintiff and the petition for removal is silent as to the nature of the cause of action, the case should be subsequently remanded to the State court, if at any time it affirmatively appears, either from the pleadings filed by the plaintiff or in any other appropriate manner, that the suit is in fact one coming within the excepting clause and hence withheld from the jurisdiction of the Federal courts through removal proceedings. This view finds direct support in Barney v. Latham, 103 U. S. 205, 216, 26 L. Ed. 514, in which it was said that if after removal of a case to the Federal court it should, upon a reformation of the pleadings, appear that the case did not really and substantially involve a dispute or controversy within the jurisdiction of the court, it could then under the 5th section of the Act of March 3, 1875, the provisions of which were carried into section 37 of the Judicial Code, be remanded to the State court. Certainly if the case be one in which jurisdiction is expressly withheld from this court through removal proceedings, and in which jurisdiction cannot be conferred either by waiver or express consent of the plaintiff after the removal, it follows, a fortiori, that jurisdiction cannot be conferred simply by the negligence or default of the plaintiff in failing to file his declaration in the State court within the proper time. And the defendant's argument, it is to be noted, would furthermore lead to the conclusion that even where the time had not elapsed in the State court within which the plaintiff was required to file his declaration, the defendant could, by filing its petition for removal before such time had elapsed and omitting from its petition for removal any statement of the real nature of the suit, prevent the plaintiff, although in no wise in default, from subsequently making the real nature of its case to appear, and continuing to proceed as he is entitled to do under the Acts of Congress, in the State court in a suit of this character.

4. For the foregoing reasons, it being now made to affirmatively appear that this suit is one arising under the Employers' Liability Act which was pending in a State court of competent jurisdiction at the time the petition for removal was filed, I am constrained to hold that no jurisdiction was acquired by this court under the petition for removal, and that the plaintiff's motion to remand the suit to the State court should accordingly be granted. I am furthermore strengthened in this conclusion by the well settled rule, growing in part out of the great practical hardship of protracted and fruitless litigation resulting to litigants from a ruling by a Federal trial court erroneously retaining jurisdiction of a removal cause, as contrasted with the finality of its judgment remanding the cause and restoring jurisdiction to the State court, that if there be any substantial doubt as to Federal jurisdiction the cause should be remanded, and jurisdiction retained only where it is clear. Western Union Telegraph Co. v. Louisville & N. R. Co. (D. C., E. D. Tenn.) 201 Fed. 932, 945, and cases cited.

5. An order will accordingly be entered granting the plaintiff's motion, remanding this cause to the State court from which it was removed, and adjudging all the costs incident to the removal against the defendant and the sureties on its removal bond.