## MANLEY *v.* OLNEY.

*(Circuit Court, W. D. Michigan, S. D.  November 23, 1887.)*

1. REMOVAL OF CAUSES — ACT OF MARCH 3, 1887—REPEAL OF FORMER RIGHTS.
    Defendant pleaded to a declaration in February, 1887, and in May filed his petition for removal into a federal court.  The act of congress of March 3, 1887, in reference to the jurisdiction of the circuit courts of the United States, repealed the act of 1875, under which this case was, at that time, removable, and provided that petitions for removal must be filed at the time of pleading.  *Held*, that the case must be remanded.

2. SAME—JURISDICTION—POWER OF CONGRESS.
    The jurisdiction of the federal courts in cases between citizens of different states arises primarily under the constitution of the United States, but this jurisdiction is conferred by grant from congress, which may grant or withhold jurisdiction over removal cases.

3. SAME.
    The right of a citizen to remove a case into a federal court is not a vested right of property.  The rules of statutory construction when vested rights are concerned do not apply when the jurisdiction of a federal court to entertain a removal case has been cut off by act of congress.

On Motion to Remand to state court.

*George M. Buck,* (*Charles S. May,* of counsel,) for plaintiff.

*Spafford Tryon,* (*George S. Clapp,* of counsel,) for defendant.

SEVERENS, J.  This is a motion to remand a case which has been brought here by removal from the circuit court for Van Buren county. The suit was commenced by summons, which was served on the defendant on the twenty-eighth day of December, 1886.  He appeared in that court January 7, 1887.  Declaration was filed January 22, 1887, and the defendant pleaded thereto on the nineteenth day of February, 1887. The petition for removal was filed May 2, 1887.

The motion involves the construction of the act of March 3, 1887, in reference to the jurisdiction of the circuit courts of the United States, and the application of that act to cases then pending and in which plea had been already filed, but which were at that time removable under the previous act of 1875.  The substantial ground taken by the plaintiff in support of the present motion is that the law of 1887 repealed the law of 1875 in regard to the right of removal, and altogether supplanted it, and inasmuch as the law of 1887 did not give the right of removal, because the plea was already in, such right was gone; and that the result was to cut off the right of removal as to all cases in that situation, when that right rested on the sole ground of diverse citizenship.  And anomalous as such a consequence is, I cannot see any escape from it.  Section 6 of the act of 1887, in plain terms, repeals the act of 1875, and then goes on by proviso to make a saving of all cases then pending in the United States courts, whether brought there by removal or originally instituted in those courts.  This express repeal, taken in connection with the saving clause, seems to me to exclude the right to remove into this court any case upon the footing of the act of 1875, after the passage of the act of 1887, and that thereafter removals could only be had upon

the conditions of the later act, the third section of which provides that the petition must be filed at the time of pleading. It is the settled rule that if a law conferring jurisdiction is repealed without any saving of pending cases, jurisdiction over such cases is gone. *Insurance Co.* v. *Ritchie,* 5 Wall. 541; *Ex parte McCardle,* 7 Wall. 514; *U. S.* v. *Tynen,* 11 Wall. 88; *Railroad Co.* v. *Grant,* 98 U. S. 398. And this rule applies with increased force where there is an express saving of some cases which would otherwise be swept away by the repeal.

It is contended that the act of 1887 should not be construed retrospectively so as to cut off rights which had already accrued; and the familiar rule of statutory construction in that regard is cited and relied upon. *Murray* v. *Gibson,* 15 How. 421; *Dash* v. *Van Kleeck,* 7 Johns. 499. The rule is a good one when there is opportunity for its application. Under the act of 1875 it was held that pending cases were saved where the first term at which the trial could be had meant the first term after the passage of the act at which trial could be had, and it could apply to pending cases without departing from the language of the act, or importing anything into it. There the fulfillment of the condition for removal would happen after the passage of the act. *Removal Cases,* 100 U. S. 457; and especially the *Circuit Cases,* cited at p. 473.

Here the case is different. The condition, namely, the filing petition for removal at the time of pleading, does not and could not happen while the law of 1887 is in effect. This law can only be applied to cases coming within its provisions.

It is argued for the defendant that the jurisdiction of the federal courts in cases between citizens of different states arises under the constitution of the United States, and the inference is drawn that the right of a non-resident to have his case tried by a federal court is a constitutional one, and that congress, while it might regulate, could not altogether take it away. If the premises were sound, the conclusion would very likely follow; but they are involved in a mistake. It is true that the primary source of jurisdiction in these courts is found in the constitution, but it is directly conferred through the medium of congress by grant thereof, and is conferred with such limitations and exceptions as the congress shall prescribe, when creating the courts and defining their authority. Many cases in the supreme court reports have explained this, and the doctrine was restated at the circuit in *Harrison* v. *Hadley,* 2 Dill. 229. Congress may, therefore, grant or withhold altogether jurisdiction over removal cases. The jurisdiction which it has power to grant it has power to withdraw. If the right of removal was a vested right of property, quite different considerations would apply. But it is not so. It is simply a privilege of having the case tried in some other than the state tribunals. There is no property in it. It is certainly true that this conclusion leaves a chasm in the law into which such cases as the present must fall; but that is a matter which was for the consideration of congress, and I do not see how the courts can remedy the difficulty without judicial legislation.

An order must be entered, remanding the case to the state court.