### SYMONDS v. ST. LOUIS & S. E. RY. CO.

(Circuit Court, W. D. Arkansas, Texarkana Division. November 20, 1911.)

REMOVAL OF CAUSES (§ 3*)—ACTIONS UNDER EMPLOYER'S LIABILITY ACT—CONSTRUCTION OF STATUTE.

    The provision of Employer's Liability Act April 22, 1908, c. 149, § 6, 35 Stat. 66 (U. S. Comp. St. Supp. 1909, p. 1173), as amended by Act April 5, 1910, c. 143, § 1, 36 Stat. 291, that "the jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States," entirely removes such cases from the operation of the removal act, and they are not removable on any ground.

    [Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 3.*]

At Law. Action by one Symonds against the St. Louis & Southeastern Railway Company. On motion to remand to state court. Motion granted.

Richard M. Mann, for plaintiff.

Gaughan & Sifford, for defendant.

YOUMANS, District Judge. This is a motion to remand a case brought in a state court under what is known as the "Employer's Liability Act." The case is here on removal from the Lafayette

---

county circuit court on the ground of diverse citizenship. The right of removal depends on the construction given to section 6 of said act, as amended by an act approved April 5, 1910 (36 Stat. 291, c. 43). That part of the section applicable to this question is as follows:

"Under this act an action may be brought in a Circuit Court of the United States, in the district of the residence of the defendant or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

It is contended by the defendant that the language, "and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States," was intended to apply only to the ground of removal based on the existence of a federal question, and was not intended to apply to diverse citizenship. It must be conceded that the words of the sentence above quoted are comprehensive. They include every case arising under the act and brought in a state court. There is no qualification or exception. Giving to the language its common meaning, it excludes removal on any ground. What reason can be assigned for qualifying that meaning by construction? The only reason given is an assumption that Congress did not intend to give as wide application as the language indicates. This assumption can find no justification in the language itself. Section 2 of article 3 of the Constitution provides that:

"The judicial power shall extend to all cases in law and equity arising under this Constitution, the laws of the United States and treaties made or which shall be made, under their authority, to all cases affecting ambassadors, other public ministers and consuls; to all cases of admiralty and maritime jurisdiction; to controversies to which the United States shall be a party; to controversies between two or more states, between a state and citizens of another state, between citizens of different states," etc.

The jurisdiction so given did not depend on the amount involved. Notwithstanding that fact, the first judiciary act, passed in 1789 (Act Sept. 24, 1789, c. 20, 1 Stat. 73), excluded from the jurisdiction of the United States Circuit Courts all cases of a civil nature involving sums or values that did not exceed $500. In 1887 (Act March 3, 1887, c. 373, 24 Stat. 552) and 1888 (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), Congress provided that the United States Circuit Courts should have jurisdiction in civil causes only where the amount involved exceeded the sum or value of $2,000. Under the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087), which goes into effect January 1, 1912, the matter in controversy must exceed the sum or value of $3,000. These restrictions on the jurisdiction of the federal courts have been sustained, and their legality is not open to question. Sheldon v. Sill, 8 How. 441, 12 L. Ed. 1147. A case may be removable prior to January 1, 1912. The same case, brought after that date, may not be removable. A statute must unite with the Constitution to give the right of removal, or to make the ex-

ercise of that right possible. It cannot be said that Congress is without power to deny removal. Therefore, if the plain meaning of the language of the statute is to deny such right, the discussion is closed.

This is the conclusion reached on this question by the Supreme Court of Arkansas in the case of Kansas City Southern Ry. Co. v. Cook, 140 S. W. 579, in an opinion rendered on October 23, 1911. In that case the court said:

"It is next insisted that this statute does not repeal or affect former statutes giving the right of removal on account of diversity of citizenship, and does not deprive the defendant of the right of removal where that ground exists. It is argued that the purpose of the statute in question was to give the federal and state courts concurrent jurisdiction, and merely to prohibit removal on the ground that a federal question is involved, and that it was not intended to change the law with reference to removal on the ground of diversity of citizenship. It appears to us very clear that this contention is unsound, and in disposing of it we need only to refer to the plain language of the statute, which declares that 'no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States.' The language of the statute is emphatic, and admits of no exceptions whatever. It evinces a clear intention on the part of the lawmakers to give the state courts concurrent jurisdiction with federal courts in the enforcement of this statute, and to prohibit the removal of any action brought under it for any purpose or on any ground. It is also contended that the provision of the statute forbidding removal of such actions is unconstitutional. The Supreme Court of the United States has repeatedly held that the right of removal to the federal court is statutory, and that it does not exist in the absence of an act of Congress conferring that right. Houston v. Moore, 5 Wheat. 1, 5 L. Ed. 19; Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524; Insurance Company v. Pechner, 95 U. S. 185, 24 L. Ed. 427; Amory v. Amory, 95 U. S. 187, 24 L. Ed. 428; Gold-Washing & Water Co. v. Keyes. 96 U. S. 201, 24 L. Ed. 656. It is hardly necessary to say that the cause could not be removed on the ground that a federal question is involved, for it is conceded that the statute prohibits a removal on that ground. It follows, therefore, that the circuit court was correct in refusing to grant removal and in retaining jurisdiction of the cause."

But if any possible doubt could exist as to the intention, it is dispelled by reference to the debates in Congress on the passage of the amended section.

"Although debates may not be used as a means of interpreting a statute, that rule, in the nature of things, is not violated by resorting to debates as a means of ascertaining the environment at the time of the enactment of a particular law; that is, the history of the period when it was adopted. Standard Oil Company v. United States, 221 U. S. 1 [31 Sup. Ct. 502, 55 L. Ed. 619]."

The bill amending section 6 of the employer's liability act, approved April 22, 1908, was considered in the Senate on March 30, 1910. As the bill left the House and reached the Senate, the clause in question read as follows:

"The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states." Congressional Rec., Second Sess. 61st Congress, vol. 45, part IV, p. 3994.

The question of removal was fully discussed. In the course of the discussion the following amendment was presented:

"Provided, that every common carrier by railroad subject to the provisions of this act shall be deemed a citizen of every state into or through which its line of railroad shall be constructed or extend." Id. p. 3995.

This was criticised on the ground that it would not fully effect the purpose intended; that is, the denial of the right of removal. It was shown that this amendment would affect only the right of removal on the ground of diverse citizenship, and would not affect the right of removal on the ground that a federal question was involved. The discussion was resumed in the Senate the next day. Senator Paynter, of Kentucky, said:

"I offer an amendment which will give to the plaintiff the right to select the forum in which his case shall be tried. He can select the federal or the state court, as he may prefer, to try his case arising under the act in question."

The amendment offered was as follows:

"And no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

Upon the reading of the proposed amendment, Mr. Bailey, of Texas, said:

"That, Mr. President, is entirely agreeable to me, because it takes these cases out of the operation of the removal act." Id. 4051.

This amendment was adopted and incorporated in the bill. The House concurred on April 2, 1910, on which date this amendment was discussed. It was stated by Mr. Mann, of Illinois, that the effect of the amendment was that suits brought under the act should not be subject to removal, "no matter what the amount or citizenship." Mr. Parker, who had charge of the bill, added:

"No matter what the amount or citizenship. The idea was that a writ of error would issue only upon a federal question at the termination of the suit." Id. 4158.

These discussions disclose fully the intention of Congress. The language plainly expresses that intention, and excludes any other. The motion to remand will be sustained.