### McCHESNEY v. ILLINOIS CENT. R. CO.

#### (District Court, W. D. Kentucky. May 31, 1912.)

1. MASTER AND SERVANT (§ 256*)—EMPLOYER'S LIABILITY ACT—ACTIONS—PLEADING.

Where the plaintiff's pleading shows a right of recovery under Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), it is not necessary that he should expressly allege that he bases his action thereon, since, as to the ground covered, it supersedes all state laws.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 809–812, 815; Dec. Dig. § 256.*

What law governs master's liability for injuries to servant, see note to Mexican Cent. Ry. Co. v. Jones, 48 C. C. A. 232.]

2. REMOVAL OF CAUSES (§ 19*)—ACTIONS UNDER EMPLOYER'S LIABILITY ACT.

Under the express language of the proviso to section 28, Judicial Code March 3, 1911, c. 231, 36 Stat. 1094 (U. S. Comp. St. Supp. 1911, p. 140), no cause arising under Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), is removable from a state court of competent jurisdiction to a federal court, and no exception can be made of cases sought to be removed on the ground of diversity of citizenship.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 37–46, 48, 52, 53; Dec. Dig. § 19.*]

3. CONSTITUTIONAL LAW (§ 249*)—EQUAL PROTECTION OF LAWS—REMOVAL OF CAUSES.

Congress has full power over the subject of removal of causes from state to federal courts in all cases to which the judicial power of the United States extends and the proviso to section 28, Judicial Code March 3, 1911, c. 231, 36 Stat. 1094 (U. S. Comp. St. Supp. 1911, p. 140), excepting from causes removable actions brought under Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1322), is not unconstitutional as denying the equal protection of the laws to litigants in such cases.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 710; Dec. Dig. § 249.*]

At Law. Action by A. B. McChesney, administrator of Walter Guess, against the Illinois Central Railroad Company. On motion to remand to state court. Motion sustained.

Miller & Miller, of Paducah, Ky., for plaintiff.

Trabue, Doolan & Cox, of Louisville, Ky., for defendant.

EVANS, District Judge. [1] This action was brought in the state court to recover $25,000 damages from the defendant for the alleged negligent killing, while engaged in interstate commerce, of plaintiff's intestate, an employé of the defendant. The averments of the petition "clearly and distinctly" show (Hanford v. Davies, 163 U. S. 280, 16 Sup. Ct. 1054, 41 L. Ed. 157) a cause of action arising under the provisions of the Act of Congress entitled "An act relating to the liability of common carriers by railroad, to their employés in certain cases," approved April 22, 1908, and commonly called, the "Employer's Liability Act." The plaintiff does not expressly declare in his petition that his suit is based upon that act, but it was not necessary for him to do so, if the averments of his pleading show a right to recover under its provisions. And the opinion of the Supreme Court in Mondou v. New York, etc., R. R. Co., 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, decided January 15, 1912, removes all doubt (if any could exist) that plaintiff's action is necessarily based upon that act. In considering the question whether it had superseded all state laws in the premises when Congress acted upon this particular phase of its power to regulate commerce between the states, the court said:

"And now that Congress has acted, the laws of the state, in so far as they cover the same field, are superseded, for necessarily that which is not superior must yield to that which is."

This, of course, means that all actions such as this can have no basis except the act of April 22, 1908, whether such actions are brought in the state courts or in the federal courts. In this connection, the court, near the close of its opinion, said:

"We conclude that rights arising under the act in question may be enforced, as of right, in the courts of the states when their jurisdiction, as prescribed by local laws, is adequate to the occasion."

It follows that all other laws in respect to the matters embraced therein were swept away when the act became the supreme law of the land.

The plaintiff being a citizen of Kentucky and the defendant a citizen of Illinois, the latter, upon the sole ground of diverse citizenship, removed the action here, and the plaintiff has moved to remand it to the state court. In support of the removal, the chief contentions are, first that a proper construction of the removal statutes sustains the right of the defendant to remove a case where the sole ground therefor

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is diverse citizenship, notwithstanding a further enactment which forbids the removal of any case arising under the act referred to, the argument being that diverse citizenship is a ground for removal separate from the nature of the cause of action, and independent of it; and, second, that prohibition of removal in cases arising in the conduct of interstate commerce, while allowing it in cases arising in intrastate commerce, is a discrimination against the former class because it' denies to it the equal protection of the laws and due process of law as well, and is, therefore, violative of the fifth and fourteenth articles of amendment to the Constitution of the United States.

[2] 1. Relative to the first of these questions, on December 9, 1911, and so far as we know before any decision taking the same view of the question had been rendered, we expressed the opinion in Doherty v. Illinois Central R. R. Co. that under the act of April 22, 1908, as amended by that of April 5, 1910, the removal of any case brought under the first-named act was prohibited. Our view, stated orally, was that, if Congress had intended to exclude from the operation of the amendment a case which theretofore was removable upon the ground of diverse citizenship, it would have plainly said so, especially as it must be presumed to know that in a very large number of such cases the citizenship would be diverse. However, Congress made no exception, but used general language. This view was different from that expressed in Van Brimmer v. T. & R. R. R. Co. (C. C.) 190 Fed. 394, but is in accord with those subsequently announced in Strauser v. C., B. & Q. R. R. Co. (D. C.) 193 Fed. 293, Saiek v. P. R. C. Co. (C. C.) 193 Fed. 303, Lee v. T. St. L. & W. R. R. Co. (D. C.) 193 Fed. 685, and Ullrich v. N. Y., etc., R. R. Co. (D. C.) 193 Fed. 768, and probably other cases. When the Judicial Code went into effect on January 1, 1912, the whole subject of the removal of causes from state to federal courts was provided for in its third chapter. It superseded all other legislation on the subject. Section 28 expressly provides for the removal of cases where diverse citizenship exists. Nevertheless the closing words of the section are as follows:

"Provided, that no case arising under an act entitled 'An act relating to the liability of common carriers by railroad to their employés in certain cases,' approved April twenty-second, nineteen hundred and eight, or any amendment thereto, and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

Read in connection with what preceded it in the section, the language of this proviso is so plain and explicit as to leave no doubt that Congress did not intend to make any exception whatever in respect to cases arising under the act specifically referred to. We may add in closing what we have to say upon this phase of the case that the state and federal courts may in some respects have concurrent jurisdiction of suits arising under the act, although the removal of any such case brought in the state court is forbidden.

[3] 2. Is the act unconstitutional upon the ground that it discriminates against one class of litigants, and denies to them the equal protection of law and due process of law because they are not, while

other litigants are, permitted to remove cases to the federal courts? We think this question must be answered in the negative. Congress has full power over the subject of the removal of causes from state to federal courts in all cases to which the judicial power of the United States extends. In the exercise of this power, it has full discretion in cases where diverse citizenship exists. This subject was discussed and conclusively settled by the Supreme Court in Gaines v. Fuentes, 92 U. S. 17, 18, 23 L. Ed. 524. In its legislative discretion Congress may exert this power to the extent of making one class of cases removable while denying that right to another class. It has uniformly and without question exercised this right and discretion ever since the original judiciary act of 1789. In respect to the amount in controversy, it has always drawn the line where it pleased. In our day, indeed, from time to time, that line has stood, first, at $500, then at $2,000, and now at $3,000. We know of no place where a more general discrimination has been made between classes of cases than in respect to the amount involved, though otherwise the cases are precisely alike. No one, we think, has ever seriously questioned the right to make this character of classification, and the classification now called in question rests upon no different principle. And, so after Congress had created certain new rights by the enactment of the employer's liability statute, it provided that no suit brought in a state court to enforce the rights thus created should be removed to a federal court.

We cannot think because, under section 28 of the Judicial Code, some cases are made removable, that it is unconstitutional discrimination to deny the right in other cases. In our view Congress has entire control over the subject, and may give the right in some instances where it regards it as proper, and not give it in other instances where it does not choose to do so. 92 U. S. 18, 23 L. Ed. 524. All these matters being within the discretion as well as in the power of Congress, we think the removal in this case cannot be sustained because Congress has expressly forbidden it, and the motion to remand must be granted.