## KELLY'S ADM'X v. CHESAPEAKE & O. RY. CO. et al.

(District Court, E. D. Kentucky. November 6, 1912.)

1. MASTER AND SERVANT (§ 87*)—INTERSTATE CARRIERS—EMPLOYER'S LIA-
BILITY ACT.

A master mechanic employed by an interstate railroad company cannot be made liable for the death of an engineer, under the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]); liability under such act being limited to common carriers engaged in interstate commerce.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 138; Dec. Dig. § 87.*]

2. COMMERCE (§ 8*)—DEATH OF SERVANT—INTERSTATE CARRIERS—EMPLOYER'S
LIABILITY ACT—EXCLUSIVE APPLICATION.

Where an interstate carrier was liable for the death of a servant, under the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), it could not also be made liable under a state statute creating a cause of action for wrongful death; the federal act, where it applies, being exclusive.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. § 8.*]

3. MASTER AND SERVANT (§ 256*)—DEATH OF SERVANT—INTERSTATE COM-
MERCE—EMPLOYER'S LIABILITY ACT.

Where a petition for wrongful death of a railroad engineer alleged that he was killed while employed by defendant in interstate commerce, that defendant was engaged in such commerce, and that the decedent's death resulted from the negligence of defendant's officers, agents, and employés, and the defective condition of defendant's roadbed and the engine decedent was required to use, it sufficiently stated a cause of action within

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 809–812, 815; Dec. Dig. § 256.*]

**4. REMOVAL OF CAUSES (§ 36*)—CAUSES OF ACTION—JOINDER—EMPLOYER'S LIABILITY ACT.**

Plaintiff administrator brought suit against defendant interstate railroad company for the death of plaintiff's' intestate, alleging a cause of action under the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), in that intestate, an engineer, was killed while in the employ of defendant company as a result of the negligence of defendant company's officers, agents, and employés. Plaintiff also joined a cause of action against an individual defendant alleged to have been defendant's master mechanic, alleging that he negligently directed intestate to operate the engine at the time knowing that it was defective, and that the track over which he was to operate it was also defective. In a petition to remand the corporate defendant denied that the individual defendant had ever been its master mechanic, alleged that he had nothing to do with directing plaintiff's intestate to operate the locomotive the derailment of which killed him, and that such allegations in the petition were untrue and known to be so when made, and were made solely to prevent a removal to the federal court, which allegations were not denied. *Held*, that such allegations in the petition for removal required a finding that the individual defendant was fraudulently joined; and hence the action, if brought against the corporate defendant alone under the federal Employer's Liability Act, not being removable, though diversity of citizenship existed between plaintiff and such corporate defendant, the cause was subject to remand.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*

Fraudulent joinder of parties to prevent removal of cause to federal court, see note to Offner v. Chicago & E. R. Co., 78 C. C. A. 362.]

**5. CONSTITUTIONAL LAW (§ 249*)—REMOVAL OF CAUSES (§ 3*)—EMPLOYER'S LIABILITY ACT—DIVERSITY OF CITIZENSHIP.**

Federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), providing that no case arising therein should be removed, construed to prevent a removal in cases under the act involving diversity of citizenship, was not unconstitutional as making an unjust discrimination between such cases and cases of a like character not arising under such act which might be removed in case they involved diversity of citizenship or other removable cause.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 710; Dec. Dig. § 249;* Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. § 3.*]

At Law. Action by Mat Kelly's administratrix against the Chesapeake & Ohio Railroad Company and another. On motion to remand. Sustained.

O'Rear & Williams, of Frankfort, Ky., for plaintiff.

Lewis Apperson, of Mt. Sterling, Ky., and John T. Shelby, of Lexington, Ky., for defendant.

COCHRAN, District Judge. This cause is pending before me on a motion to remand. It is a suit to recover damages for the death of plaintiff's intestate. He was, at the time of his death, an engineer in the employ of the defendant company, and his death was caused by the derailment of his locomotive. The defendant George Robinson is alleged to have been defendant's master mechanic at the time.

The petition alleges that the defendant company was a common carrier engaged in interstate commerce; that the decedent was employed therein; that his death was caused by the negligence of the officers, agents, and employés of the defendant and by reason of defects and insufficiencies of the road, rails, and track, and of the engine, appliances, and machinery. · Such are the allegations as to the defendant company. As to the defendant Robinson, the allegation, in substance, is that he negligently directed the decedent to operate the engine knowing that it was defective, and that the track over which he was to operate it was also defective.

[1-3] The petition states a cause of action against the defendant company under the Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), and, under the decisions of the Kentucky Court of Appeals, one against the defendant Robinson under the wrongful death statute of Kentucky. The individual defendant is not liable under the Employer's Liability Act, for it is limited to common carriers engaged in interstate commerce, and he is not such; and under the allegations of the petition there can be no liability of the corporate defendant under the Kentucky wrongful death statute, for the Employer's Liability Act, as to cases coming within its terms, supersedes that statute; and it is expressly alleged that the corporate defendant is a common carrier engaged in interstate commerce, the decedent was employed in such commerce, and he was killed by the negligence of the officers and agents and employés of the corporate defendant, and the defective condition of its roadbed and engine, thus bringing the case within the terms of the act.

Defendant's counsel speculates as to why plaintiff sued both defendants in the same action. Several hypotheses are put forward to account for this. But it does not seem to me that the determination of her actual thoughts on this matter is of consequence. The motion is to be disposed of on the case made by the facts alleged in the petition. It makes a case against the corporate defendant under the national statute and against the individual under the Kentucky statute. Under the allegations of the petition it would not be possible for plaintiff to recover as against the corporate defendant on the Kentucky statute, in case it should turn out in proof that her intestate was not employed in interstate commerce. She has alleged that he was so engaged, and under this petition she must prove this fact. To recover on the Kentucky statute, it must not only appear that her intestate was not engaged in interstate commerce, she must also allege it.

To sue the corporate defendant under the national statute, it was not necessary for the plaintiff to claim that she was so suing in her petition. It was sufficient for her to allege facts which brought her case within that statute, which she did. Judge Warrington, in the case of Garrett v. L. & N. R. R. Co. (C. C. A.) 197 Fed. 715, said:

"True it is not distinctly alleged in the declaration that the action is based upon the second Employer's Liability Act, but we think this effect must be given to the averments of the declaration that the deceased met his death while in the employ of the company, and while it was engaged in

interstate commerce. Such averments rendered the federal act alone applicable."

[4] It is certain, therefore, that the suit as to the corporate defendant is on the national statute. It is equally certain that the suit as to the individual defendant is on the state statute, whatever plaintiff may have thought about it. It could not as to him be otherwise than on it. If I were to hazard a guess why it was the individual defendant was sued, I would say it was to make it cocksure that the case could not be removed. There was a feeling of uncertainty as to whether the suit was removable if against the corporate defendant alone, even though it was based on the national statute, and it was thought that whatever uncertainty there was would be done away with by suing the individual defendant also. It is likely that it was not thought out just how so doing would accomplish this end. As a matter of fact, so doing has brought about the only complication in the case.

[5] Had the suit been brought against the corporate defendant alone, there could have been no doubt that it was not removable; and this though diversity of citizenship exists between it and plaintiff, and the cause was removed on this ground. In the case of Van Brimer v. T. & P. R. R. Co. (C. C.) 190 Fed. 394, which arose before the new Judicial Code went into effect, it was held that a case arising under the Employer's Liability Act was removable where diversity of citizenship existed. In a number of cases arising both before and after that Code went into effect, it has been held otherwise. Those cases are the following, to wit: Symonds v. St. Louis & S. E. R. R. Co. (C. C.) 192 Fed. 353; Strauser v. Chicago, B. & Q. R. R. Co. (D. C.) 193 Fed. 295; Lee v. Toledo & L. W. R. R. Co. (D. C.) 193 Fed. 685; Ulrich v. N. Y., N. H. & H. R. R. Co. (D. C.) 193 Fed. 768; Hulac v. Chicago & N. W. R. R. Co. (D. C.) 194 Fed. 747; McChesney v. Ill. Cent. R. R. Co. (D. C.) 197 Fed. 85. This case arose since the Code went into effect. The law is stronger against removability since then than before. But I think such a case was not removable before. Congress said that "no case arising under this act" should be removed, and it should be taken to have meant what it said.

It is urged that to so construe the act renders it unconstitutional, in that it makes an unjust discrimination between such cases—i. e., cases arising under the Employer's Liability Act, where diversity of citizenship exists—and cases of like character not arising thereunder in such contingency; i. e., that there is no reasonable basis for not making the same rule as to removability applicable to both classes of cases. This point was not made in any of the above cases, except the last one, and in that case Judge Evans held that the point was not well taken. In this opinion I concur. The creation of the liability by Congress was in the exercise of its power under the interstate commerce clause of the federal Constitution. The prohibition of the removal of cases arising under the statute was in the exercise of the power granted to it by the third article of that Constitution, by which Congress is empowered to legislate as to the judicial power of such inferior courts as it may establish. I understand that within the limit of the second section of that article Congress may do as it

pleases in the exercise of the power thereby conferred. In ·the case of Home Life Ins. Co. v. Dunn, 19 Wall. (86 U. S.) 214, 22 L. Ed. 68, Mr. Justice Swayne said:

"The third article of the Constitution declares that the judicial power of the United States shall be vested in one Supreme Court and such inferior courts as Congress may from time to time establish, and that it shall extend, among other things, to controversies between the citizens of different states. As regards the inferior courts authorized to be established, Congress may give them. such jurisdiction, both original and appellate, within the limits of the Constitution, as it may see fit to confer. How their appellate jurisdiction shall be exercised is not declared. The whole subject is remitted to the unfettered discretion of Congress."

What we have here, then, is two causes of action joined together in the same suit, one against the corporate defendant under the national statute, and one against the individual defendant under the state statute, and it may be accepted that they are improperly joined. Had the suit been against the corporate defendant alone, it would not have been removable. Does, then, the fact of the improper joinder of the cause of action against the corporate defendant with the cause of action against the individual defendant render it removable? The effect of such joinder is to make in the suit what is called a separable controversy; i. e., a controversy between the plaintiff and the corporate defendant, which is wholly between them, and can be fully determined between them. If it were not for the prohibition against removal in the Employer's Liability Act, this circumstance would render the cause removable, notwithstanding the joinder of the individual defendant. The question here, then, comes to this: Does that prohibition apply to a controversy arising under the Employer's Liability Act, which is a separable controversy, in a suit, or is it limited to one that is the sole controversy therein? The answer to this question depends on whether, because of the joinder therewith of another controversy, the case can be said to arise under the act. It does not wholly arise thereunder; i. e., it does not arise thereunder so far as such other controversy is concerned. But it does arise thereunder so far as the controversy as to the liability on that act is concerned. The case of Ulrich v. N. Y., N. H. & H. R. R. Co., supra, was decided on the assumption that three causes of action were stated against the common carrier, who was the sole defendant therein, one of which was the Employer's Liability Act, one on a statute of New York; and the other at common law; and yet it was held that the case was one arising under the national act, and hence not removable. That was a stronger case for removability than here, where but a single cause of action is stated against the removing defendant.

This cause, however, has a feature in it which renders it unnecessary for me to decide how the matter would be if it had to be disposed of on the basis that the plaintiff had a genuine cause of action against the individual defendant. The corporate defendant, in its petition for removal, alleged that the individual defendant was not and never had been the corporate defendant's master mechanic; that he had nothing whatever to do with directing the plaintiff's intestate to operate the locomotive whose derailment killed him; and that these

allegations and all other allegations as to Robinson were untrue, and known to be untrue when made, and were made solely for the purpose of preventing the cause from being removed to this court. These allegations of the petition for removal are not denied, and must be accepted as true. What we have here, then, is not a genuine cause of action against the individual defendant, but a fraudulent one. The case is the same, therefore, as if no cause of action had been asserted against him, and were solely against the corporate defendant. On that basis I have already reached the conclusion that the case is not removable.

The motion to remand is sustained.