TEEL v. CHESAPEAKE & O. RY. CO. OF VIRGINIA.

(Circuit Court of Appeals, Sixth Circuit.   May 6, 1913.)

No. 2,286.

1. APPEAL AND ERROR (§ 185*)—REVIEW—JURISDICTIONAL QUESTIONS.

It is the duty of a federal appellate court to inquire into the jurisdiction of the trial court, although the question may not be raised by an assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1166–1176, 1375; Dec. Dig. § 185.*]

2. REMOVAL OF CAUSES (§ 16*)—NATURE OF RIGHT—CONTROL OF CONGRESS.

The privilege of removal of causes from a state to a federal court is not a vested right, whether based on diversity of citizenship or on the ground that the cause of action was created by federal law, but is wholly within the power of Congress, which may give or take away the right.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 6; Dec. Dig. § 16.*]

3. REMOVAL OF CAUSES (§ 2*) — EMPLOYER'S LIABILITY ACT — CONSTRUCTION AND APPLICATION OF STATUTE.

The provision added to Employer's Liability Act April 22, 1908, c. 149, § 6, 35 Stat. 66, by the amendment of April 5, 1910 (36 Stat. 291, c. 143, § 1 [U. S. Comp. St. Supp. 1911, p. 1324]), that no case arising under the act brought in a state court of competent jurisdiction shall be removable, pertains to the remedy only, is to be liberally construed, and applies to all subsequent actions, whether the cause of action arose after or before it was adopted, and without regard to the grounds for removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 2, 3; Dec. Dig. § 2.*]

In Error to the Circuit Court of the United States for the Eastern District of Kentucky; A. M. J. Cochran, Judge.

Action at law by Etta Teel, administratrix of the estate of Lake Teel, deceased, against the Chesapeake & Ohio Railway Company of Virginia.   Judgment for defendant, and plaintiff brings error.   Reversed.

See, also, 204 Fed. 914.

Myers & Howard, of Covington, Ky., for plaintiff in error.

John Galvin and Maurice L. Galvin, both of Cincinnati, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge.   Facts necessary to the consideration now required of this cause are contained in the statement accompanying our opinion in the same case, rendered April 8, 1913.   204 Fed. 914.   Under the rules to show cause then entered in the case, return was made in the form of a stipulation, which, by consent, is made part of the transcript heretofore filed in this court.   It now appears that, upon the hearing below of the motion to remand the cause to the state court, the Chesapeake & Ohio Railway Company of Virginia introduced evidence showing that, prior to the accident in dispute, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Chesapeake & Ohio Railway Company of Kentucky had transferred and assigned its interest in the line of railway in question to the first-named railway company; that at the trial of the case "no evidence was offered by the plaintiff or at all" respecting the Chesapeake & Ohio Railway Company of Kentucky; and that the other railway company was throughout regarded and treated by the court and the parties as the only defendant below.

[1] One of the questions of jurisdiction of the court below, alluded to in our former opinion, concerns the court's denial of plaintiff's motion to remand the cause to the state court. This question is not presented by any assignment of error, but it is scarcely necessary to say, for it has been so often decided, that it is the duty of the appellate court to inquire into the jurisdiction of the court below. M., C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 382, 4 Sup. Ct. 510, 28 L. Ed. 462; Fore River Shipbuilding Co. v. Hagg, 219 U. S. 175, 177, 31 Sup. Ct. 185, 55 L. Ed. 163; Chi., B. & Q. Ry. Co. v. Willard, 220 U. S. 419, 31 Sup. Ct. 460, 55 L. Ed. 521; In re Martin, 201 Fed. 33 (C. C. A. 6th Cir.). Should the motion to remand have been allowed? Plaintiff's intestate received his injury and died on September 8, 1909. The suit was commenced in the Kenton county circuit court on September 6, 1910. The removal proceeding was begun in that court on the 21st of the same month, and the transcript was filed in the court below October 17th following. The motion to remand was filed March 21 and overruled April 7, 1911. Meanwhile section 6 of the Employer's Liability Act of April 22, 1908 (35 Stat. 66), which simply limited the time within which actions might be brought, was, to wit, April 5, 1910, amended by adding the following (36 Stat. 291):

"Under this act an action may be brought in a Circuit Court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

This provision is purely remedial and is couched in plain language. Congress was clearly acting within its constitutional power when it passed the amendment. While section 2 of article 3 of the Constitution declares that the judicial power shall extend to all cases arising under that instrument and the laws of the United States, as also, among others, to cases "between citizens of different states," yet it was long ago settled that, as to courts inferior to the Supreme Court, their jurisdiction in every case must depend upon some act of Congress. Case of the Sewing Machine Companies, 85 U. S. (18 Wall.) 553, 577, 21 L. Ed. 914; Cary v. Curtis, 44 U. S. (3 How.) 236, 245, 11 L. Ed. 576; Turner v. Bank of North America, 4 Dall. 9 (note A); Loveland, App. Jur. § 2. As Justice Harlan said in Johnson Company v. Wharton, 152 U. S. 252, 260, 14 Sup. Ct. 608, 611 (38 L. Ed. 429):

"But, except in the cases specially enumerated in the Constitution and of which this court may take cognizance, without an enabling act of Congress,

the distribution of the judicial power of the United States among the courts of the United States is a matter entirely within the control of the legislative branch of the government."

[2] It follows that the privilege of removal is not in any sense a vested right, no matter whether it be based, as here, on diversity of citizenship, or upon a right of action created by federal law, like that given by the Employer's Liability Act. The power in Congress to grant or withhold the right of removal is at last the power to prescribe the jurisdiction of courts as already stated. Such power is continuing in its nature, and of necessity includes authority to take away, as well as to bestow, the right to remove causes. Stuart v. Laird, 1 Cranch, 299, 2 L. Ed. 115. Judge Severens forcibly said in Manley v. Olney (C. C.) 32 Fed. 709 (and what he there said is in no wise affected by his opinion in Tiffany v. Wilce [C. C.] 34 Fed. 230):

"Congress may, therefore, grant or withhold altogether jurisdiction over removal cases. The jurisdiction which it has power to grant it has power to withdraw. If the right of removal was a vested right of property, quite different considerations would apply. But it is not so. It is simply a privilege of having the case tried in some other than the state tribunals. There is no property in it."

The plenary character of this power manifestly includes discretion in Congress to classify remedies, as well as the rights thereby intended to be enforced. The power of Congress to create the rights of action given by the Employer's Liability Act is settled; and since such rights of action are limited to a particular class, there is no perceivable reason why the remedies making them available may not be likewise limited. The insistence, then, that to construe the amendment so as to include and prohibit removal on the ground of diversity of citizenship in this class of cases, while permitting removal on such ground in other cases, would be to deny due process of law and the equal protection of the laws, cannot be sanctioned. Gaines v. Fuentes, 92 U. S. 18, 19, 23 L. Ed. 524; McChesney v. Illinois Cent. R. R. Co. (D. C.) 197 Fed. 87, 88; Kelly's Adm'x v. Chesapeake & O. Ry. Co. (D. C.) 201 Fed. 605, 606.

[3] It is not the right of action, the liability, created by the Employer's Liability Act, but it is the remedy given to enforce such right, with which we are here concerned. Neither Mrs. Teel's right of action nor the railroad company's defense was disturbed; the change made simply affected the remedy. This distinguishes the present case from Winfree v. Northern Pac. Ry. Co., 227 U. S. 296. 301, 33 Sup. Ct. 273, 57 L. Ed. ——, and Ettor v. City of Tacoma, 228 U. S. 148, 33 Sup. Ct. 428, 57 L. Ed. ——, decided by the Supreme Court April 7, 1913. It needs only to be stated that a remedial act should be liberally construed. The jurisdiction conferred upon the courts of the United States is concurrent with that of the courts of the several states; and removal of any case arising under the Employer's Liability Act and brought in any state court of competent jurisdiction is explicitly forbidden.

It is not claimed that the state court was not one of "competent jurisdiction"; but it is urged that since the liability created by the act of April 22, 1908 (Employer's Liability Act), did not exist before, the

intent was simply to deny removal under the act itself, and not to disturb such right when traceable to some other provision of law (reliance being placed on Van Brimmer v. Texas & P. Ry. Co. [C. C.] 190 Fed. 394, 399); and so it is insisted that, where diversity of citizenship or local prejudice exists, the right of removal still prevails. No question of local prejudice is raised; and, while the logic of the situation might seem to embrace such a matter, it will be time enough to pass upon it when presented. Upon the amended record, the only grounds of removal presented are diversity of citizenship and the fact that the case arose under the Employer's Liability Act. It is now rightly conceded by learned counsel that the fact that the action arose under the Employer's Liability Act afforded no ground for removal.

We think the remaining ground is equally untenable. The ban placed upon removal is as broad as the Employer's Liability Act itself. The act makes no exception. The manifest purpose was to yield to suitors under it the choice of tribunals as between the courts of the United States and of the several states. Second Employer's Liability Cases, 223 U. S. 1, 56, 32 Sup. Ct. 169, 56 L. Ed. 327. We agree with Judge Cochran, who said in De Atley v. Chesapeake & Ohio Railway Co. (D. C.) 201 Fed. 591, where the removal had been obtained on the ground of diversity of citizenship:

"Congress said that 'no case arising under this act' should be removed, and it should be taken to have meant what it said."

The learned judge cited a number of cases in support of his conclusion, among which were Symonds v. St. Louis & S. E. Ry. Co. (C. C.) 192 Fed. 353, by Judge Youmans; Ulrich v. New York, N. H. & H. R. Co. (D. C.) 193 Fed. 768, by Judge Hand, and concurred in by Judges Holt and Hough; McChesney v. Illinois Central R. Co., supra, 197 Fed. 85, 87, by Judge Evans. See, also, Kelly's Adm'x v. Chesapeake & O. Ry. Co., supra, 201 Fed. 605, 606; Saiek v. Pennsylvania R. Co. (C. C.) 193 Fed. 303.

In view of the decisions in the De Atley and Kelly Cases, supra, we take it that the attention of the trial judge in the present case was not called to the amendment of April 5, 1910, and presumably counsel were not aware of its passage, at the time the motion to remand was denied.

The judgment below is reversed, with costs, and the cause is remanded, with instruction to grant the plaintiff's motion to remand the cause to the state court.