### MITCHELL v. SOUTHERN RY. CO.

#### (District Court, N. D. Georgia. October 12, 1917.)

#### No. 246.

REMOVAL OF CAUSES &3, 17—ACTIONS UNDER EMPLOYERS' LIABILITY ACT—CONSTRUCTION OF STATUTE.

    The provision of Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1916, § 1010), that no case arising under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1916, §§ 8657–8665]), "brought in any state court of competent jurisdiction, shall be removed to any court of the United States," does not merely confer a personal privilege or exemption, which may be waived by the plaintiff, but is a limitation upon the jurisdiction of the federal District Courts as a class, and where, in such a case, the declaration counts upon the federal statute, although it may also count upon a state statute, the case is not removable, and no action taken in a federal court after its attempted removal can give that court jurisdiction, or deprive the plaintiff of the right to have the cause remanded at any stage of the proceedings.

At Law. Action by R. D. Mitchell against the Southern Railway Company. On motion to remand to state court. Motion granted.

Colquitt & Conyers, of Atlanta, Ga., for plaintiff.
McDaniel & Black, of Atlanta, Ga., for defendant.

NEWMAN, District Judge. This case was removed to this court from the state court on the ground of diversity of citizenship; the de-

fendant being a corporation, citizen, and resident of the state of Virginia, and the plaintiff a citizen of the state of Georgia and a resident of this district. The case has been tried in this court in June, 1917, and there was a mistrial on June 14, 1914.

The declaration contains four counts, two counts for liability under the Employers' Liability Act and two for liability under the state laws. The case was tried without the determination by the court as to which counts were controlling as the case went to the jury, or the counts under which the case should be submitted; but the instructions of the court appear to have been such that the case was treated as submitted under the law of the state controlling liability for damages to railroad employés.

A motion is now made to remand the case to the state court from which it was removed, on the ground that, under the decisions heretofore made by this court and other courts, it was a nonremovable case. In Jones v. Southern Ry. Co. (D. C.) 236 Fed. 584, I think what was determined can be gathered from the headnote of the case, which is as follows:

"Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 66, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 (Comp. Stat. 1913, §§ 8657-8665), providing that no cause of action arising under this act and brought in a state court shall be removed to a federal court, applies where, under the facts alleged, such act must control in the case, though in addition to the count in terms under such act is one concluding that the cause of action is based on and brought under the laws of the state."

This case is recognized now, I think, by all concerned, as the law controlling in this matter, certainly in this district. The real question here is whether what has occurred in this case since its removal prohibits its remand to the state court. It is contended by the plaintiff that, although on the trial here in June the case seems to have gone to the jury under the state law, and not under the Employers' Liability Act, that should not control on a question of removal, but instead what is stated in the plaintiff's declaration.

In the case of Patton v. Cincinnati, N. O. & T. P. Ry. (D. C.) 208 Fed. 29, a case in the Eastern district of Tennessee, Judge Sanford, District Judge there, determined that the right to remove was, under the Employers' Liability Act, jurisdictional, and that the right of removal could not be waived by the plaintiff. Judge Sanford determined in that case:

"(1) A case arising under the Employers' Liability Act and brought in a state court of competent jurisdiction is not removable to a federal District Court, even although the case would be otherwise removable by reason of diversity of citizenship or other independent ground of removal. Teel v. Railway Co. (U. S. Circ. Ct. App., 6th Circ., May 6, 1913) 204 Fed. 918 [123 C. C. A. 210]; Symonds v. Railway Co. (C. C.) 192 Fed. 353; Strauser v. Railroad Co. (D. C.) 193 Fed. 293; Lee v. Railway Co. (D. C.) 193 Fed. 685; Ullrich v. Railroad Co. (D. C.) 193 Fed. 768; Hulac v. Railway Co. (D. C.) 194 Fed. 747; McChesney v. Railroad Co. (D. C.) 197 Fed. 85; De Atley v. Railway Co. (D. C.) 201 Fed. 591, 596; Kelly v. Railway Co. (D. C.) 201 Fed. 602, 605.

"(2) The provision in the amendatory act of April 5, 1910, that no case arising under the Employers' Liability Act shall be removed from any state court of competent jurisdiction to any federal court, and re-enacted in section 28 of

the Judicial Code, is not merely a personal privilege or exemption in favor of the plaintiff in respect to the jurisdiction of the particular District Court to which the case has been removed, which he may waive after the removal by appearance or consent (In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164), but is a provision limiting the jurisdiction of the federal courts as a class, and entirely withholding from them jurisdiction through removal proceedings, of cases arising under the Employers' Liability Act which have been previously commenced in state courts of competent jurisdiction. This distinction is emphasized by the contrast between the language of the first sentence in section 6 of the Employers' Liability Act, as amended by the Act of 1910, in reference to the particular district in which a suit 'may' be brought under that act, and that in the second sentence of the same section, which provides that 'no case' arising under the act and brought in any state court of competent jurisdiction 'shall be removed to any court of the United States.' It is also the necessary result of the proviso, framed in substantially the same language, contained in section 28 of the Judicial Code."

Then Judge Sanford proceeds:

"Applying this rule of construction, I think it clear that the effect of the proviso in section 28 of the Code is to except cases arising under the Employers' Liability Act and pending in state courts from the class of cases whose removal to the federal courts is authorized under the preceding provisos of the section, and to so qualify the broad language used in the preceding portions of this section as to exclude from its provisions any and all cases of this character. In other words, in my opinion, the effect of this proviso is the same as if the preceding enacting provisions of the section had expressly excepted from each class of cases which might be removed to the federal courts all cases arising under the Employers' Liability Act and pending in the state courts."

He then quotes a number of authorities. Other questions arose in this Patton Case, which would be controlled by the Tennessee practice in such cases, which are not important here.

The defense in the case before Judge Sanford apparently relied on the case of In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; but Judge Sanford held that that case was dealing with the waiver by the plaintiff of the jurisdiction of a particular court, or rather of a court of a particular district, and not the waiver of jurisdiction of a court as a class, as was the question in the case then under consideration. The Moore Case was a decision as to the effect of a former decision of the Supreme Court in Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, in which it had been held that:

"Under sections 1, 2, and 3 of the act of March 3, 1875 (19 Stat. 470), as amended by the act of March 1, 1887 (24 Stat. 552), corrected by the act of August 13, 1888 (25 Stat. 433), an action commenced in a state court, by a citizen of another state, against a nonresident defendant, who is a citizen of a state other than that of the plaintiff, cannot be removed by the defendant into the Circuit Court of the United States."

And the court then was considering the question as to whether the plaintiff could waive the jurisdiction of a particular court to which that case was removed, and whether what had transpired amounted to a waiver. It was held in the Moore Case that:

"While consent cannot confer on a federal court jurisdiction of a case of which no federal court would have jurisdiction, either party may waive the

objection that the case was not brought in, or removed to, the particular federal court provided by the statute."

It does not, as Judge Sanford held, as I understand, have anything to do with the question here, which is as to whether the United States District Courts, as a class, have jurisdiction of cases brought in a state court of competent jurisdiction under the Employers' Liability Act, and removed, or attempted to be removed, from the state court to the United States District Court. The question is one of the jurisdiction of the District Courts, as a class, of cases brought in the state courts under the Employers' Liability Act, and removed or attempted to be removed to the District Courts of the United States. The Patton Case was cited by the Supreme Court of the United States in Kansas City Southern Rwy. Co. v. Leslie, Adm'r, 238 U. S. 599, 35 Sup. Ct. 844, 59 L. Ed. 1478, and cited with apparent approval in the opinion in that case.

The question here must, I think, be determined by what is alleged in the plaintiff's declaration, and, as I have stated, he has two counts in his declaration under the Employers' Lability Act. This gives him the right to have the case remanded to the state court, and I do not think anything that has occurred in this court affects in any way that right or was a waiver by him of such right under the decisions to which I have referred, and under my opinion as to the law controlling the case.

The case will be remanded to the state court from which it was removed.