GIVENS v. WIGHT et al.

(District Court, N. D. Texas, Ft. Worth Division. January 4, 1918.)

No. 770.

1. REMOVAL OF CAUSES ⊂⇒3—DIVERSITY OF CITIZENSHIP—FEDERAL EMPLOYERS' LIABILITY ACT.

Employers' Liability Act April 22, 1908, c. 149, § 6, 35 Stat. 66, as amended by Act April 5, 1910, c. 143, § 1, 36 Stat. 291 (Comp. St. 1916, § 8662), declares that no case arising under the act and brought in any state court of competent jurisdiction shall be removed to any court of the United States, while Judicial Code Act March 3, 1911, c. 231, § 28, 36 Stat. 1094 (Comp. St. 1916, § 1010), after providing for removal of causes, declares that no case arising under the federal Employers' Liability Act shall be removed to any court of the United States. *Held*, that cases arising under the Employers' Liability Act are not removable, even though there be diversity of citizenship between the parties.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. REMOVAL OF CAUSES ⬤⟳3—GROUND OF REMOVAL—PETITION.

In determining whether plaintiff's cause was one arising under the Employers' Liability Act, and hence not subject to removal on ground of diversity of citizenship, the federal court can look only to plaintiff's petition.

3. REMOVAL OF CAUSES ⬤⟳3—GROUND OF REMOVAL—ACTIONS ARISING UNDER FEDERAL EMPLOYERS' LIABILITY ACT.

The administratrix of a railroad employé sued to recover damages for his death, praying recovery of damages under the Employers' Liability Act in case it should be determined that defendants and deceased were engaged in interstate commerce at the time of the injury, but under the state statutes of Texas in case the evidence failed to show that fact. *Held,* that as the petition, which was in the alternative, set forth two grounds of recovery, one under the state statutes which was removable, and the other under the federal Employers' Liability Act, which was not removable, the joinder of the cause of action which was removable waived the prohibition against removal in the Liability Act; both causes of action being cognizable in the federal courts.

Action by Mrs. Nora Givens, administratrix, against Pearl Wight and J. L. Lancaster, as receivers of the Texas & Pacific Railway Company, begun in state court and removed by defendants to the federal court. On motion to remand. Motion overruled.

Randell & Randell, of Sherman, Tex., for plaintiff.
H. C. Shropshire, of Weatherford, Tex., for defendants.

SMITH, District Judge. This action was commenced in the district court of Palo Pinto county, Tex. By timely petition and bond filed by defendants it was removed to this court, and plaintiff now moves to remand, "on the ground and for the cause that this cause was improperly removed from said state court to this court, and that this court is without jurisdiction to hear and determine the same." The defendants base their right of removal on an allegation of diversity of citizenship, which allegation is not controverted.

[1] The suit is against the defendants, as receivers of the Texas & Pacific Railway Company, to recover damages for the death of plaintiff's intestate, W. W. Givens, whose death is alleged to have resulted from personal injuries received by him through the negligence of the defendants and their servants, while he was in the employ of the defendants, and while he was operating a train on said railway as a locomotive engineer; and plaintiff contends that, notwithstanding diversity of citizenship, the case is not removable, because it arose under the Employers' Liability Act (as amended by Act April 5, 1910, 36 Stat. 291, c. 143). Section 6 of said act, as amended, provides:

"No case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

And section 28 (chapter 3, "District Court, Removal of Causes") of the Judicial Code of the United States (Act March 3, 1911, c. 231, 36 Stat. 1094), after providing for removal of causes, says:

"Provided, that no case arising under an act entitled 'An act relating to the liability of common carriers by railroad to their employés in certain cases,' approved April twenty-second, nineteen hundred and eight, or any

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

amendment thereto, and brought in any state court of competent jurisdiction, shall be removed to any court of the United States."

Construing these statutory provisions, it has been held in a number of cases that, as they are all-embracing in their language and specify no exceptions, cases arising under said Employers' Liability Act are not removable, even though they be cases of diverse citizenship. St. J. & G. I. Ry. Co. v. Moore, 243 U. S. 311, 37 Sup. Ct. 278, 61 L. Ed. 741; Southern Ry. Co. v. Lloyd, 239 U. S. 496, 36 Sup. Ct. 210, 60 L. Ed. 402; Southern Ry. Co. v. Leslie, 238 U. S. 599, 35 Sup. Ct. 844, 59 L. Ed. 1478; Teel v. C. & O. Ry., 204 Fed. 918, 123 C. C. A. 240, 47 L. R. A. (N. S.) 21; McChesney v. Illinois Central Ry. Co. (D. C.) 197 Fed. 85; Ullrich v. New York, N. H. & H. R. Co. (D. C.) 193 Fed. 768; Lee v. Toledo, St. L. & W. Ry. Co. (D. C.) 193 Fed. 685; Strauser v. Chicago, B. & Q. Ry. Co. (D. C.) 193 Fed. 293; Symond v. St. L. & S. E. Ry. Co. (C. C.) 192 Fed. 353; Hulac v. Chicago & N. W. Ry. Co. (D. C.) 194 Fed. 747. Now, if this case falls within the foregoing well-settled rule—that is, if it is one arising exclusively under the Employers' Liability Act—it should be remanded.

[2, 3] We must look alone to the plaintiff's petition to determine this question. That pleading, after describing the manner of the intestate's death and imputing same to the negligence of defendants and their servants, makes the following allegations:

"Plaintiff charges that the running of said train, and especially train No. 4, upon which deceased was engineer, was then and there for the transportation of passengers and goods in interstate commerce, in which defendants and deceased were then and there engaged at the time of deceased's injuries and death; and plaintiff sues under an act of the United States Congress entitled 'An act relating to the liability of common carriers by railroad to their employés in certain cases,' approved April 22, 1908, and the amendments thereto, for the exclusive benefit of the wife of the deceased, Nora Givens; and if plaintiff is mistaken as to defendants and deceased being engaged in interstate commerce at the time of his injuries and death, then plaintiff sues under the laws of the state of Texas for the sole and exclusive benefit of the surviving wife of deceased, the said Nora Givens, and Mrs. Bettie Givens, the surviving mother of deceased."

Thus it will be seen that plaintiff bases her right to recover upon the Employers' Liability Act if the evidence shall disclose that defendants and deceased were engaged in interstate commerce at the time of the injury, but upon the statute of the state of Texas if the evidence fails to so show. The petition is double in its nature—sets forth in the alternative two different grounds of recovery, one based upon a federal statute, and not removable, and the other based upon a statute of the state of Texas, and removable. In other words, the plaintiff's petition substantially contains two counts, and, although they relate to the same transaction, they nevertheless set up two different causes of action, and, had they been set up in two separate cases, one would have been removable and the other not.

Therefore the question arises: Does the joining of a nonremovable cause of action in a state court with one that is removable prevent the removal of the latter? This question is answered in the negative in the following cases: Flas v. Illinois Central Ry. Co. (D. C.) 229 Fed. 319; Strother v. Union Pacific Ry. Co. (D. C.) 220 Fed. 731;

Sharkey v. Port Blakely Mill Co. (C. C.) 92 Fed. 425. In the case of Strother v. Union Pacific Ry. Co. Judge Van Valkenburgh uses the following reasoning, in which I fully concur:

"It rests with the plaintiff to determine whether he shall state a cause of action solely under the Employers' Liability Act, and therefore incapable of being removed, or whether he may unite with it, in the alternative, a cause of action that may be removed. If he adopts the latter course, does he not subject himself to the exercise of all the rights which a defendant may legitimately claim? Beyond question both causes of action are cognizable in the federal court, whether originally brought there or removed by consent. The provision against removal is a privilege granted to the plaintiff, which he may waive. If a cause of action containing all the elements of removability be joined with a count stating a cause of action not originally cognizable in the federal court, nevertheless the defendant may remove the former cause of action, and this will carry the entire case with it. Sharkey v. Port Blakely Mill Co. [C. C.] 92 Fed. 425. The defendant cannot be shorn of his right to remove the former action because of such a joinder, and inasmuch as the plaintiff should and has joined in one petition all causes of action arising out of the same transaction, the removal should not, and does not, have the effect of splitting such causes, retaining one in the federal court, and remitting the other to the state court. I do not think the prohibition against removal contained in the federal act is of greater force than the denial in the Judiciary Act of the right to bring a suit, otherwise cognizable in a federal court, in a specific jurisdiction. It is conceded that the latter inhibition may be waived, and so equally may the former."

I am of the opinion that this entire case as presented by the plaintiff's petition is properly removed to this court, and therefore the motion to remand is overruled.