MULLIN v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Fifth Circuit. November 26, 1919.)

No. 3436.

1. RAILROADS ⬅⇒370—STATUTORY SIGNALS NOT REQUIRED WHEN COUPLING IN YARDS.

Code Ala. 1907, § 5473, requiring a locomotive engineer to blow the whistle or ring the bell at "short intervals" while moving within or passing through any village, town, or city, held not to require such signal to be given before or when making a coupling in railroad yards.

2. MASTER AND SERVANT ⬅⇒180(5)—NEGLIGENCE OF ENGINEER IN MAKING COUPLING WITHOUT SIGNAL.

A railroad engineer, who without signaling coupled to a cut of cars standing in the yard, causing them to move, held not chargeable with

⬅⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

negligence which rendered the company liable, under federal Employers' Liability Act (Comp. St. §§ 8657–8665), for injury to an employé who was then passing between two cars, where he had no knowledge or reason to suppose that any one would be endangered.

In Error to the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

Action by T. B. Mullin against the Louisville & Nashville Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

George P. Bondurant, of Birmingham, Ala., for plaintiff in error.

C. P. McIntyre, of Montgomery, Ala. (Goodwyn & McIntyre, of Birmingham, Ala., on the brief), for defendant in error.

Before WALKER, Circuit Judge, and FOSTER and EVANS, District Judges.

WALKER, Circuit Judge. The plaintiff in error (hereinafter referred to as the plaintiff), who was a flagman in the employment of the defendant in error (hereinafter referred to as the defendant), received a personal injury while attempting to get from one side to the other of a track in the defendant's yard at Montgomery, Ala., by going under the drawheads between two cars which were part of a cut of cars which was to form a part of a train which was being made up for a trip on the road. The injury resulted from the movement of the cut of cars in consequence of the engine being coupled to it while the plaintiff was in the act of attempting to go from one side of the track to the other for the purpose of performing the duty of checking up the cars in the cut, by getting their numbers and the numbers of the seals on them; a brakeman who was working with him having the task of checking on the side the plaintiff was going from.

The first of the two counts of the plaintiff's complaint charged that the alleged injury resulted by reason of the negligence of some officer, agent, or employé of the defendant, while acting within the line or scope of his authority as such, whose name is to the plaintiff unknown, in that he negligently failed to set the brakes on the cut of cars mentioned. The second count attributed the injury complained of to the negligence of some unknown employé of the defendant in causing the cars to come together with great force and violence. There was a judgment for the defendant, on a verdict in its favor which the court directed. The suit was brought under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. §§ 8657–8665]).

There was no evidence to justify a finding for the plaintiff on the first count of his complaint. The evidence, which showed that there was a duty to set up the brakes on a car or cars left on a track in the yard unattached to a locomotive, also showed that the purpose of that requirement was to keep such cars stationary, to prevent them from rolling by gravity from where they were left. There was nothing to indicate that a proper performance of the duty required that brakes be so set as to prevent the movement of such cars by the coupling of a locomotive to them. Evidently the object was to prevent unattached cars from rolling

to a place or track other than where they were left. The evidence did not show a failure to comply with the requirement.

[1] There was evidence tending to prove that the locomotive was coupled to the cut of cars mentioned without giving any signal to indicate that that was about to be done. In behalf of the plaintiff it is contended that an Alabama statute (Code of Alabama 1907, § 5473) made it the duty of the person having control of the running of the locomotive to blow the whistle or ring the bell before moving the cars by coupling the locomotive to them, and that a failure to perform that duty was negligence. No provision of the statute referred to imposes that duty on the person in control of a locomotive, unless it is the one which requires him "to blow the whistle or ring the bell, at short intervals, * * * while moving within, or passing through, any village, town, or city."

Warning to the public of the approach of an engine or train moving in such a place evidently is the object of the quoted provision. The language used indicates that a movement other than such as is involved in making a coupling in a railroad yard was in contemplation. It is not required that a signal be given before starting a movement of an engine or train in a village, town, or city. The requirement is that the signal be given "at short intervals" while a designated movement is in progress. The language used does not indicate a purpose to require the blowing of the whistle or the ringing of the bell before or while making a coupling in a railroad yard within the limits of a village, town, or city. The conclusion is that no breach of the statutory duty of the engineer to ring the bell or blow the whistle was shown.

[2] The cars between which the plaintiff undertook to pass by going under the drawheads were the 2 farthest from the end of the cut of 12 or 14 cars to which the engine was coupled. The plaintiff safely could have reached the other side of the track by going around the last car on the end near which he was, or by going over a car; steps or handholds being provided for the purpose. There was no evidence tending to prove that the engineer was aware, at or prior to the time of making the coupling, that any one at that time was trying to pass between two of the cars in the manner the plaintiff adopted. The fact that the engineer knew that sometimes employés would take the risk of going under the drawheads of cars likely to be moved by a coupling, instead of adopting a safe way of getting from one side of a track to the other, was not enough to make him chargeable with negligence in failing to give a warning not needed for the safety of any train employé who was properly performing his duty. He was not negligent in failing to assume or guess that some employé was taking an unnecessary risk just when the coupling was made.

There was nothing to indicate that any rule of the employer made it the duty of a locomotive engineer, engaged in making up a train preparatory to a movement of it over the road, soon to be begun, to give a signal before making any required coupling. In the absence of any evidence tending to prove that the engineer knew or ought to have known that the plaintiff was in a position to be imperiled by such a movement of the cars as might be caused by the coupling which was

made, a finding that the engineer, in making the coupling, was negligent with reference to the plaintiff, would not be warranted.

In our opinion the evidence adduced was not such as to support either of the charges of negligence made in the complaint. The court did not err in instructing the jury to find in favor of the defendant.

The judgment is affirmed.