## NEWBERRY v. CENTRAL OF GEORGIA RY. CO.

(District Court, M. D. Alabama, E. D.   February 17, 1921.)

### No. 10.

1. **Removal of causes ☞118—Amendment changing issues held not allowable after removal.**

    Where an action by an employé against a railroad company, brought in a state court, was removed into a federal court and there tried, plaintiff *held* not entitled, after conclusion of the evidence, to amend the complaint by alleging for the first time a cause of action under federal Employers' Liability Act, § 1 (Comp. St. § 8657), which, if alleged in the original complaint, would have prevented removal under section 6 of the act as amended (Comp. St. § 8662).

2. **Limitation of actions ☞127(14)—Cause of action barred cannot be introduced by amendment.**

    Allegations necessary to state a cause of action under Employers' Liability Act, § 1 (Comp. St. § 8657), cannot be introduced into a complaint by amendment more than two years after the cause of action arose, and after an action thereunder is barred by section 6 of the act (Comp. St. § 8662).

3. **Pleading ☞236(4)—Allowance of amendment discretionary.**

    Refusal to allow an amendment of the complaint introducing a new cause of action, after the evidence in the case had been concluded, *held* within the discretion of the court.

4. **Master and servant ☞217(13)—Risk of unsanitary place assumed.**

    A plaintiff who accepted employment as railroad telegraph operator in a box car office, knowing that the place was leaky, cold, and wet, *held* to have assumed the risk from such exposure.

At Law. Action by M. J. Newberry against the Central of Georgia Railway Company. On motions by plaintiff to set aside verdict and for a new trial. Denied.

W. Moody, of Tuscaloosa, Ala., and Smith & Watkins, of Opelika, Ala., for plaintiff.

Barnes & Walker, of Opelika, Ala., for defendant.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CLAYTON, District Judge. This action was brought in the state court and was removed to this court on the ground of diverse citizenship. There were six counts in the original complaint, some asserting a common-law cause of action for negligence and the others a case under the Alabama Employers' Liability Act (Code 1907, § 3910).

No facts were pleaded to show that the plaintiff, the employee of the railroad, was injured while engaged in interstate commerce, or that he was in the service of a railroad engaged in such commerce; on the contrary, the facts pleaded referred exclusively to the common-law right of action and to the right of action under the state Employers' Liability Act. In seasonable time the cause was removed into this court. After more than two years had elapsed from the date of the alleged injury, and on the day of the trial, the plaintiff amended his complaint by adding six additional counts, setting forth a cause of action under the state Employers' Liability Act only. The defendant pleaded the general issue, with leave to give in evidence any matter of special defense in accordance with the Alabama practice.

After all the evidence had been introduced for the plaintiff and the defendant, and when the court was about to charge the jury, the plaintiff offered to amend the complaint by adding two counts, in substance the same, alleging facts that the plaintiff was engaged in interstate commerce at the time of injury on a railroad engaged in such commerce between Columbus, Ga., and Birmingham, Ala., and in proper form prayed judgment under the federal Employers' Liability Act (Comp. St. §§ 8657–8665). The facts of such situation were fully and formally pleaded in the amendment offered.

Upon objection by the defendant the court refused to allow this last amendment upon the ground: (1) That if this cause had been originally brought under the federal Employers' Liability Act it could not have been, under the terms of such act, removed to the federal court, and hence it cannot now be converted into a new and a nontransferable cause of action; (2) the amendment sets forth a new cause of action which is barred by the statute of limitation of two years under the federal Employers' Liability Act, § 6 (Comp. St. § 8662); and (3) under no aspect of the case was the plaintiff entitled to a recovery, for the evidence showed that the plaintiff assumed a risk in working in a leaking, wet, and cold box car telegraph office, knowing the situation and realizing its dangers.

[1] 1. Section 1 of the Employers' Liability Act of April 22, 1908 (Comp. St. § 8657), provides that:

"Every common carrier by railroad while engaged in commerce between any of the several states * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce."

And as amended April 5, 1910, it stipulates that:

"Under this act an action may be brought in [any] court of the United States, * * *" and that "the jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States." U. S. Comp. St. § 8662.

If the amendment disallowed had been a part of the original complaint filed in this case in the state court, this cause would not have been removable to the federal court. This is so obviously true that citation of adjudged cases is hardly necessary. McChesney v. Ill. Cent. R. Co. (D. C.) 197 Fed. 85; Kelly's Adm'x v. C. & O. Ry Co. (D. C.) 201 Fed. 602; K. C. So. Ry. Co. v. Leslie, 238 U. S. 599, 35 Sup. Ct. 844, 59 L. Ed. 1478.

[2] 2. The amendment disallowed was a departure from the original cause of action, for it alleged appropriate facts and sought recovery under the federal Employers' Liability Act. It would have introduced a new cause of action—one under the federal statute. It is settled that a departure in pleading may be either in the substance of the action or defense or the law upon which it is founded. U. P. Ry. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983. And while ordinarily a new cause of action may be introduced by amendment, the established limitation on the operation of its relation to the commencement of the suit is that if the amendment introduces new matter or a different cause of action not within the lis pendens as to which the statute of limitations has operated a bar at the time of making the amendment, the statute of limitations is as available as if the amendment were a new and independent suit. Mohr v. Lemle, 69 Ala. 180, and A. G. S. R. R. Co. v. Smith, 81 Ala. 229, 1 South. 723, cited with approval in U. P. Ry. v. Wyler, supra.

3. Section 6 of the federal Employers' Liability Act provides that:

"No action shall be maintained under this act unless commenced within two years from the day the cause of action accrued."

More than two years had elapsed before the rejected amendment to the complaint was offered. Manifestly this limitation of two years applies here, where the complaint made in the state court alleged no facts to bring the case within the purview of the federal Employers' Liability Act, and more than two years had elapsed after the cause of action arose and before the amendment was offered. In Walker v. Iowa Cent. Ry. Co. (D. C.) 241 Fed. 395, the law is well stated on page 400, and numerous supporting authorities are cited.

[3] 4. Moreover, the refusal to allow the amendment was a matter of discretion with the court, and is not reviewable unless there has been a manifest abuse of such discretion. Thomsen v. Cayser, 243 U. S. 66, 37 Sup. Ct. 353, 61 L. Ed. 597, Ann. Cas. 1917D, 322; note No. 18 to section 1591 (R. S. § 954) of U. S. Comp. Stat. 1916, vol. 3, p. 3184. This discretion was not abused, in view of the fact that this amendment was submitted after all the evidence for the plaintiff and the defendant had been introduced, the case to that extent closed, and the court was about to charge the jury. Chapman v. Barney, 129 U. S. 677, 681, 9 Sup. Ct. 426, 32 L. Ed. 800.

[4] 5. In addition to what has been said, the evidence in the case left no reasonable doubt of the fact that the plaintiff assumed the risk of working in a box car telegraph office, knowing the situation and realizing the danger; that is, that the place was cold and wet, that the roof was leaking, etc. Breen v. Iowa Cent. Ry. Co., 184 Iowa, 1200,

168 N. W. 901, certiorari to which was denied in the memorandum opinion in 249 U. S. 604, 39 Sup. Ct. 288, 63 L. Ed. 798; Seaboard Air Line Ry. Co. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; American Car & F. Co. v. Allen (C. C. A.) 264 Fed. 647; Mullin v. L. & N. R. Co. (C. C. A.) 261 Fed. 156; So. Ry. Co. v. Peters, 194 Ala. 94, 69 South. 611, and other cases cited in footnote "Assumption of Risk in General," page 9428, 8 U. S. Comp. Stat. 1916.

The instructions of the court to the jury and the verdict were in accord with the foregoing views. An order, therefore, will be entered overruling the motion to set aside the verdict and judgment.